REGAN, Judge.
This suit was instituted by the plaintiff, George A. Kospelich, individually and on behalf of his five minor children, against the defendants, his lessor, Mrs. Leonard Roppolo, and her liability insurer, the New Amsterdam Casualty Co., endeavoring to recover the sum of $40,300.00 representing damages incurred for medical expenses and loss of the services of his wife, Rosemary Kospelich, both to himself and to his children which resulted from a fall in the premises designated as 803 Fourth Street in the City of New Orleans. Plaintiff explained therein that his wife’s injuries were caused by a worn and defective doorsill located between the kitchen and the utility room of their residence.
The defendants answered and denied that the sill was defective; they insisted that the accident was caused by the negligence of the plaintiff’s wife in failing to exercise due care in walking upon the sill. In the alternative, the defendants pleaded the contributory negligence of Mrs. Kospelich.
After a trial on the merits, the lower court rendered judgment in favor of the plaintiff individually in the amount of $3,250.95, but rejected the claim asserted on behalf of the children. From this judgment the defendants have appealed; plaintiff has answered the appeal requesting both an increase in the award and that the children’s claim be recognized.
The record reveals that on July 19, 1961, between 9:00 and 9:30 a. m., Mrs. Kospelich slipped and fell on what has been commonly designated as a doorsill which was located between the kitchen and utility room of her residence, sustaining severe injuries to her left leg.
The doorsill formed part of a “step” from the kitchen to the utility room, the floor of which is approximately six inches below the level of the kitchen floor. There were no witnesses to the accident except Mrs. Kospelich, but it is undisputed that her injuries were incurred during the daytime and that the light in the area of the sill was more than adequate.
The record also reflects that the plaintiff and his wife resided in the defendant’s premises for more than three years prior *70 to the occurrence of the unfortunate accident.
The vice or defect of which plaintiff complains is, as we have said, a doorsill consisting of two rather worn and overlapping hoards slanting slightly downward toward a six inch “step” to the level of the utility room floor. The pictures [1] of the sill which the plaintiff introduced into evidence did not indicate any actual defect or dangerous condition therein; they simply reflected some very slight wear on the extreme right side of the sill. The latter condition admittedly did not contribute to the accident according to Mrs. Kospelich, since her left foot slipped on the left side of the sill.
The pictures reveal that this sill is no different from those existing in any one of innumerable other houses in the City of New Orleans. Contrary to plaintiff’s contention, the sill does not contain a dangerous slant; the slant thereof is only 7 or 8 degrees, and it would hardly be perceptible to anyone walking thereon.
It is well settled that an owner or lessor can only be held responsible to tenants or persons on the premises with their consent if they are injured by a substantial defect therein. The rationale applicable to the facts hereof has been iterated and reiterated by this court in innumerable opinions [2] and it in general reads as follows:
* * * While it is true that the owner of a building is liable for the vices and defects of construction or for his failure to make adequate repairs, this does not mean that he is an insurer of the safety of the occupants of the house for accidents which may befall them through their lack of ordinary observation and care. The vices and defects spoken of in the Articles of the Civil Code must be substantial or those which are likely to cause injury to a reasonably prudent person. * * * We take cognizance of the fact that there is rarely a house which does not contain some minor defect of construetion or which does not become slightly imperfect through use or from conditions of the soil. Imperfections exist * * *, but, unless the defect be such as one would expect to cause injury while the premises are being subjected to normal use, it will be regarded as an insufficient basis for an action in damages.’ ”
In view of what we have said here-inabove, we are led to the inevitable conclusion that the lower court committed reversible error in finding as a fact that a defect existed in the premises such as would be expected to cause injury while the premises were being subjected to the normal use thereof. We are convinced that Mrs. Kospelich’s injuries merely resulted from a very common household accident.
To reiterate, in order to hold an owner or lessor liable in damages, it must be clearly shown that the injuries were caused by substantial vice or defect in the premises. In this case the evidence unequivocally reveals that no such vice or defect in fact existed therein.
For the foregoing reasons, the judgment of the lower court is reversed; all costs hereof are to be paid by the plaintiff.
Reversed.

. Plaintiff also introduced into evidence a collection of several pieces of wood which, when properly assembled, represented the doorsill.

. Schmidt v. Indemnity Insurance Co. of North America, La.App., 143 So.2d 289 (1962); Chaix v. Viau, La.App., 15 So.2d 662 (1943).