SCHOTT, Judge.
Plaintiffs have appealed from a dismissal of their suit for damages on defendants’ motion for summary judgment. Plaintiffs alleged in their petition that Mrs. Payn was injured when she slipped on a sloped floor while she was exiting from the ladies lounge on the fourth floor of defendant hospital. The issue is whether plaintiffs’ suit was properly dismissed by summary judgment under the law considering the pleadings and affidavits on file.
Defendants, in support of their motion, filed affidavits of hospital representatives stating that the restroom in question adjoins the fourth floor lobby by a slip-proof ceramic tile slope or incline measuring 1% inches over a 4Vi inch wide threshold and that the restroom had been used by thousands with plaintiff’s accident being the only one to have ever occurred. Plaintiffs countered with an engineer’s affidavit stating that the threshold in question is slightly over 1% inches high and the width of the door is 22 inches, while the Jefferson Parish Building Code prescribes that this rise shall not exceed one inch and no interior door shall be less than three feet wide.
LSA C.C.P. Art. 966 provides that a summary judgment “shall be rendered forthwith if the pleadings, . . . together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” In granting the motion, the trial judge reasoned that the 1% inch elevation where plaintiff fell was, as a matter of law, not a substantial defect based on Kospelich v. New Amsterdam Casualty Company, 164 So.2d 68 (La.App. 4th Cir. 1964) in which this court reversed a judgment in favor of a plaintiff tenant against her landlord holding that an alleged defect in the form of a door sill, existing of two worn boards slanting at seven or eight degrees toward a 6 inch step was not such a substantial defect as to cause injury to a reasonably prudent person.
At the outset, we distinguish the Kospe-lich case on the basis that it was decided after a full trial and not on a motion for summary judgment. Kospelich stands for the proposition that the alleged defect in that case, in the light of all of the facts and circumstances, was not a substantial defect which caused plaintiff’s injury. In the instant case, we have only the affidavits showing the height and width of the elevation but nothing as to the surrounding circumstances or conditions which may or may not have some bearing on the accident. There is no support for the proposition that because Mrs. Kospelich was denied recovery by the Court of Appeal in connection with her fall over a 6 inch elevation no plaintiff may recover for a fall over an elevation of under 6 inches. The fact finding province of the trial court requires that the court consider evidence, and reach a conclusion based on the particular facts and circumstances of that case.
By filing their suit plaintiffs have invoked the provisions of C.C. Art. 2315, that “[ejvery act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” The courts have lately tested liability under Art. 2315 by means of the duty-risk approach explained in Dixie Drive It Yourself System v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962), and Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972). Under this approach the plaintiff must show that the conduct complained of bears a causal connection with the occurrence of her accident and establish that defendants breached a legal duty imposed upon them to guard against the particular risk involved. These issues have all been disposed of by simple affidavits stating that *42 the area where plaintiff tripped is a 1% inch high incline on a 4 inch base.
We are satisfied that the affidavits establish that there is no issue of material fact as to the height and width of the incline on which plaintiff fell. We are not satisfied as to other factors: that lighting and surrounding conditions along with the age and condition of plaintiff would not have some influence on the trier of fact in making the decision that this elevation was a cause in fact for plaintiff’s fall and/or that the elevation in this particular place and under these particular circumstances constituted a breach of duty to plaintiff; as to the inferences the trial court may draw from evidence at trial that the elevation constituted a violation of the parish building code; or that a plaintiff who falls over an elevation of the size established in the affidavits cannot prevail in an Art. 2315 suit as a matter of law.
Summary judgment is not to be used as a substitute for a full trial of a controverted fact issue which is material to a decision in the case. LeBlanc v. Landry, 371 So.2d 1276 (La.App. 3rd Cir. 1979). In deciding upon a motion for summary judgment all reasonable doubt must be resolved against the mover and in favor of denying the motion, Walker v. Graham, 343 So.2d 1171 (La.App. 3rd Cir. 1977). In the application of these principles we have concluded that summary judgment was inappropriate.
Accordingly, the judgment appealed from is annulled and set aside and there is judgment in favor of plaintiffs, Anna Marie Payn, wife of/and Thomas Payn and against defendants. West Jefferson General Hospital and Western World Insurance Company, denying the latters’ motion for summary judgment. The case is remanded to the district court for further proceedings. The costs of this appeal are assessed against defendants with assessment of other costs to await the outcome of the case.
ANNULLED, SET ASIDE, AND REMANDED.
REDMANN, J., concurring with assigned reasons.