393 So.2d 883 (1981)
Caroline Jeanette BRISTER et al.
v.
The PARISH OF JEFFERSON et al.
No. 11484.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1981.
Hugh G. Oliver, Westwego, for plaintiffsappellants.
Dillon & Cambre, Gerard M. Dillon, New Orleans, for defendants-appellees.
Before CHEHARDY and GARRISON, JJ., and EDWARD J. STOULIG, J. Pro Tem.
EDWARD J. STOULIG, Judge Pro Tem.
This is an appeal from the granting of a summary judgment in favor of the defendants, the Parish of Jefferson and its insurer, Firemen's Fund Insurance Company dismissing plaintiffs' tort action.
No need exists to recite in detail all of the allegations of the petitions except to state that a physical altercation occurred in the plaintiffs' home when Robert Kerry, a dog catcher for the Parish of Jefferson, assisted by a deputy sheriff, attempted to locate and seize plaintiffs' dog. Petitioners *884 allege the entry into their home was made without a warrant and that an assault and battery was committed upon Mr. and Mrs. Gerard. A supplemental petition was filed alleging that following the removal of Mr. and Mrs. Gerard to the Jefferson Parish Jail, Kerry entered plaintiffs' home without a warrant and conducted a search of the premises. In a second supplemental petition it is alleged that the "melee and brutalization" and subsequent "invasion of petitioners' home" have caused a continuing psychic fear in plaintiffs' minor children, who are parties to these proceedings by representation through their father.
Defendants, Parish of Jefferson and Firemen's Fund simultaneously filed an exception of no cause of action (which is still pending) and the motion for summary judgment.
The bases for summary judgment are two-fold: (1) the Parish of Jefferson is not the employer of the sheriff or his deputies and therefore it cannot be vicariously liable for the deputy sheriff's conduct; and (2) Robert Kerry, the parish's employee was not guilty of any tortious conduct and the damages claimed are not compensable in law.
Defendants' contention that no employeremployee, master-servant, or principalagent relationship exists between the Parish of Jefferson and a deputy sheriff is well founded.
In Foster v. Hampton, 352 So.2d 197 (La. 1977) the Supreme Court cited with approval the holding of Nielson v. Jefferson Parish Sheriff's Office[1] that there is no vicarious liability on the part of the parish for the actions of a sheriff or any of his deputies since the sheriff's office exists and functions independently of the governing body of the parish and therefore the parish exercises no control or discretion over the sheriff's actions. The Foster case also reaffirms that a deputy sheriff is an employee of the state.
The charter of the Parish of Jefferson, Section 3:03(A) specifically provides the parish president "shall not be responsible for, nor have authority to administer or supervise, the office of the Sheriff of Jefferson Parish."
The granting of summary judgment rejecting plaintiffs' claim against the Parish of Jefferson and Firemen's Fund for the alleged acts of the deputy sheriff is affirmed.
Defendants' second contention admits that Robert Kerry is an employee of the Parish of Jefferson and as such, the parish could be vicariously liable under the Respondeat Superior doctrine for the tortious conduct of its employee if committed in the course and scope of his employment; however, they submit the employee did not commit a tort and the damage alleged in the pleadings, "psychic fear", is not compensable in law.
It should be noted these defendants did not file any responsive pleadings other than the previously referred to exception and motion. For this reason the only documents considered by the Court were plaintiffs' petitions and the affidavit of C. Gerald Pucheu, claims supervisor, attesting to the fact that the attached policy of Firemen's Fund was in force and effect on the date of the alleged incident.
Petitioners allege that the defendants (one of whom is Robert Kerry) were guilty of unlawfully entering plaintiffs' home, committing an assault and battery upon them in the presence of their children, and falsely arresting them. It is also alleged that after plaintiffs' arrest, Robert Kerry again entered their home "without a warrant and conducted a search of the premises" in the presence of their minor children which caused them to have a "continuing psychic fear".
The record is devoid of any countervailing affidavits or other evidence to sustain Robert Kerry's entry into plaintiffs' home on two occasions was justified under state statute or the ordinances of Jefferson Parish.[2] *885 Only in their brief do defendants contend that Robert Kerry could and did request police assistance under R.S. 3:2737 in the fulfillment of his duties. This statute as well as the Jefferson Parish Ordinance presupposes that the duty attempted to be performed is being done in a lawful and proper manner. No predicate was laid to justify entry into plaintiffs' home without a warrant.
Defendants submit that plaintiffs' failure to specifically allege that Kerry participated in the assault and battery is sufficient to negate any factual issue of his involvement. We disagree.
While the plaintiffs' pleadings may be somewhat inartfully drawn and could be more specific as to Kerry's role in the commission of the assault and battery, there are sufficient narrative allegations in the petition to make the extent of his participation a genuine issue of fact. In the absence of controverting evidence, we cannot conclude, for the purpose of summary judgment, that no genuine issue of this fact exists merely because the pleadings may be somewhat vague.
Summary judgment is not to be used as a substitute for a trial on the merits. LeBlanc v. Landry, 371 So.2d 1276 (La.App. 3rd Cir. 1979); Payn v. West Jefferson General Hospital, 385 So.2d 40 (La.App. 4th Cir. 1980). It is a procedural device to avoid unnecessary litigation where the posture of the record is such, that it must be concluded that the proponent is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225 (La.1979). It follows that any dispute over a significant fact must be resolved against the granting of the motion.
In the instant matter there are several issues of material facts: (1) the legality of Kerry's entry and search of plaintiffs' home; (2) extent of his participation in the altercation; and (3) the damages suffered by plaintiffs directly caused by Kerry. These are genuine issues of material fact which warrant granting plaintiffs the opportunity to have their validity adjudicated after a full blown trial.
In passing we note and direct the attention of counsel to the fact that judgment has been rendered granting summary judgment in favor of Robert Kerry but we are unable to find any pleading in the record seeking this relief.
For the foregoing reasons, the summary judgment dismissing the claim of plaintiffs, Caroline and Anthony Gerard, individually and on behalf of their five minor children, against the Parish of Jefferson and Firemen's Fund for the alleged tortious conduct of Deputy Sheriff Koehler is affirmed. The summary judgment dismissing these plaintiffs' claims against the defendants, Parish of Jefferson and Firemen's Fund based upon the alleged tort committed by the employee, Robert Kerry is annulled and the matter is remanded to the trial court for further proceedings consistent with the views herein expressed. Cost of this appeal is to be borne by the appellee.
AFFIRMED IN PART; ANNULLED IN PART; REMANDED.
NOTES
[1] 242 So.2d 91 (La.App. 4th Cir. 1970).
[2] Ordinances of Jefferson Parish, Chapter IV, Art. II. Animal Control and Welfare, Section 4-14 et seq.