413 So.2d 178 (1982)
John J. DEE, III, on behalf of/and Marion B. Dee
v.
REPUBLIC PETROLEUM CORPORATION, Empire Land Corporation, American Oil Company and XYZ Insurance Company.
No. 12776.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
Rehearing Denied May 19, 1982.
Bienvenu, Foster, Ryan & O'Bannon, Hugh M. Glenn, Jr., New Orleans, for defendant-appellee.
Beard, Blue, Schmitt, Mathes, Koch & Williams, Madison C. Moseley, Harry P. Gamble, Jr., New Orleans, for defendant-appellant.
Porteous, Toledano, Hainkel & Johnson, C. Gordon Johnson, Jr., Roma R. Caramanica, New Orleans, for defendants-appellees.
Before BARRY, BYRNES and WARD, JJ.
BARRY, Judge.
This appeal involves third party demands that arose out of a lawsuit for personal injuries. Carrollton Lumber and Wrecking Company, Inc. was made a third party defendant because of its alleged negligence in demolition of a gasoline station. Carrollton filed third party petitions against the insurance companies covering its operations in *179 1973 (when the demolition occurred) and in 1978 (when the accident occurred). During the demolition Bellefonte Insurance Company was the primary insurer with Motor Vehicle Casualty Company and Providence Washington Insurance Group and National Fire & Marine Insurance Company the excess liability carriers.
Bellefonte filed a motion for summary judgment because the accident did not occur during its policy period. The two excess carriers also asked for summary judgments since their policies incorporated by reference the terms of the Bellefonte policy and their coverage had also terminated prior to the accident.
The District Court granted summary judgment in favor of the primary and excess carriers. Carrollton appeals urging there is an unresolved issue of fact because the policy submitted in the record by Bellefonte is different from the policy Bellefonte issued to Carrollton and the excess carriers and there should be a determination of possible fraud. Carrollton agrees, however, if summary judgment is appropriate for Bellefonte it should also be granted to the excess carriers.
The only issue before us is whether the policy differences affect coverage of the plaintiff's claim, and if so, is Carrollton entitled to pursue the question of fraud. Carrollton asserts the policy it received from Bellefonte is identical to the one National submitted with its motion for summary judgment, but the policy Bellefonte presented is different. Basically, Carrollton argues that the policy changes were made without notice and might constitute fraud and summary judgment is inappropriate because all doubt must be resolved in favor of the opposition to summary judgment.
The pertinent difference between the policies is the deletion of coverage for "completed operations" under "all written contracts" (on page 8 of each policy) and its replacement with "contractural liability" coverage for "all written contracts" (on page 10) which specifically excludes liability under a warranty of work performed (on page 11 under definitions). The replacements on pages 10 and 11 were not a part of Carrollton's or National's policies. Bellefonte made the changes by an endorsement less than two months after its policy was in effect.
We fail to see any significance in changing the coverage for "completed operations" under "all written contracts" and its replacement with "contractural liability" coverage for "all written contracts." Carrollton purchased coverage for its operations on this particular demolition job with a policy period beginning September 23, 1973 and ending September 23, 1974. Appellees argue, and we agree, that the coverage was under an "occurrence policy."
The general liability portion of Bellefonte's policy provides:
"The company will pay the insured all sums which the insured shall become legally obligated to pay because of
A. bodily injury or
B. property damage to which this insurance applies, caused by an occurrence ..."
and the policy defines "occurrence" as:
"... an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured." (emphasis added)
We feel the differences in the policies are immaterial as to plaintiff's claim because the above provisions are part of Carrollton's policy and our only concern is whether that policy provides coverage for the accident. Clearly, the unambigious language quoted above limits coverage to occurrences "during the policy period." Appellees cite Oceanonics, Inc. v. Petroleum Distributing Company, 292 So.2d 190 (La.1974) which also considered an "occurrence policy" and the court held that coverage was excluded because the accident happened after the policy had expired.
There is no question that a liability insurance policy can exclude coverage for damages arising from an occurrence after *180 the policy period, although the delictual act which gave rise to the occurrence took place during the policy period. See Oceanonics, supra. Carrollton purchased its policy for a specific period and its alleged negligence was excluded from coverage where the "occurrence" happened approximately five years after the policy period.
Our conclusion is that at the time of plaintiff's alleged injury no coverage was provided to Carrollton by Bellefonte or the excess insurers and the decision of the District Court is affirmed with appellant to pay all costs of this appeal.
AFFIRMED.