661 So.2d 1093 (1995)
LAFAYETTE INSURANCE COMPANY
v.
C.E. ALBERT CONSTRUCTION CO., INC., et al.
No. 95-CA-0048.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1995.
*1094 Geoffrey H. Longenecker, Law Offices of Geoffrey H. Longenecker, a Professional Law Corporation, Covington, for plaintiff/appellant, Lafayette Insurance Company.
Brian L. Reboul, Hailey, McNamara, Hall, Larmann & Papale, L.L.P., Metairie, for defendant/appellee, Potomac Insurance Company of Illinois.
Before KLEES, LANDRIEU and MURRAY, JJ.
MURRAY, Judge.
Plaintiff/appellant Lafayette Insurance Company (Lafayette) sued defendant/appellee Potomac Insurance Company (Potomac) for reimbursement of sums paid and now appeals an adverse ruling granting Potomac's motion for summary judgment.[1]
The facts are largely uncontested. On September 9, 1989 property owned by Ron Domin, Lafayette's insured, suffered $50,874.93 in fire damage. Lafayette paid Domin for the damage and, as subrogee to Domin's rights, sued L & L Electric, Inc. and its insurer, Potomac, for reimbursement of sums it paid to Domin. Lafayette's petition alleges that L & L Electric is liable for the damage because it installed defective wiring.
Potomac answered the suit and subsequently filed a motion for summary judgment stating that it issued an insurance policy to L & L Electric with coverage beginning November 13, 1985 and ending November 13, 1986, with no renewal thereafter. Further, Potomac argued that the policy was an "occurrence" policy and since the damages did not occur "during the policy period", there was no coverage.
Lafayette responded by filing an opposition memorandum in which it argues that the negligent conduct (installing defective wiring) constituted "exposure" to "physical injury" and an "occurrence" during the policy period so as to trigger coverage.
Lafayette contests the grant of summary judgment in favor of Potomac charging error in the lower court's failure to find an "occurrence" within the policy period.
Appellate Courts review summary judgments de novo and use the same criteria as the trial court. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991); Kantack v. Progressive Insurance Company, 618 So.2d 494 (La.App. 4 Cir.1993), writ denied, 620 So.2d 845 (La.1993). Summary judgment is proper only if the pleadings, depositions and affidavits show there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La.C.C.Pro. art. 966(B); Thornhill v. Black, Sivalls and Bryson, Inc., 394 So.2d 1189 (La.1981). The burden is on the mover to prove the absence of any genuine issue of material fact. Any doubt shall be resolved against the mover and in favor of a trial on the merits. Raine v. CECO Corporation, *1095 627 So.2d 713 (La.App. 4 Cir.1993). Inferences to be drawn from underlying facts contained in the materials before the Court must be viewed in the light most favorable to the party opposing the motion. Vermilion v. Vaughn, 397 So.2d 490 (La.1981).
To satisfy his or her burden the mover has to clearly show the truth of the facts asserted. That showing must exclude any real doubt as to the existence of any genuine issue of material fact. Vermilion, supra. The mover's pleadings, affidavits and documents must be scrutinized closely while those of the opponent are treated indulgently. Id; Urbeso v. Bryan, 583 So.2d 114 (La.App. 4 Cir.1991). Supporting and opposing affidavits shall be made on personal knowledge and set forth facts that would be admissible in evidence. La.C.C.Pro. art. 967; Urbeso, supra. Ultimate facts and conclusions of law contained in supporting affidavits cannot be considered in granting summary judgment. Urbeso, supra.
Summary judgment is not be used as a substitute for a trial on the merits. Brister v. Parish of Jefferson, 393 So.2d 883 (La. App. 4 Cir.1981). Any doubt shall be resolved in favor of a trial on the merits. Urbeso, supra. Only when reasonable minds must inevitably conclude that the mover is entitled to a judgment as a matter of law on the facts is summary judgment warranted. Thornhill, supra; Chaisson v. Domingue, 372 So.2d 1225 (La.1979). The Court should not seek to determine whether it is likely that the mover will prevail on the merits, but rather whether there is an issue of material fact. Good v. Fisk, 524 So.2d 203 (La.App. 4 Cir.1988), quoting Oller v. Sharp Electric, Inc. 451 So.2d 1235 (La.App. 4 Cir.1984).
Guided by the foregoing statutory rules and jurisprudence, we conclude the court did not err in granting summary judgment.
The resolution of this dispute turns on the interpretation of the following provision of Potomac's policy:
"Property damage" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.
"Occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured.
In reasons for judgment the trial court stated:
In the present case the negligent act was committed within the policy period but the damage was not sustained until after the policy period. Therefore, there is no coverage. See Dee v. Republic Petroleum, 413 So.2d 178 (La.App. 4 Cir., 1982).
Lafayette argues that the trial court's reliance on Dee, supra, is misplaced because the Louisiana Supreme Court overruled Dee in Cole v. Celotex, 599 So.2d 1058 (La.1992). In Cole the Court noted the emerging theories for determining the trigger of coverage: (1) exposure; (2) manifestation; and (3) continuous or triple trigger. Lafayette maintains that Cole rejected the manifestation theory, i.e., coverage is triggered when the defect becomes `manifest' during the policy period, in favor of the exposure theory, i.e., coverage is triggered by the mere exposure to the harmful conditions during the policy period. Hence, applying the exposure theory to this case, as Lafayette believes the lower court should have done, Lafayette posits that because the defective wiring itself was damage which existed during the period of the policy, coverage is mandated.
Cole is factually distinguishable from the present case in that Cole addressed the issue within the confines of long term exposure to asbestos. Moreover, the cases upon which Cole relies as precedent likewise deal exclusively with asbestos exposure and the problem of symptom latency. Although Cole appears to be restricted to physical injury resulting from illness or trauma, arguably its rationale could be extended. As with certain illnesses which are not manifest immediately after initial exposure to a hazardous substance, so too damage from a defective product may not occur until the product fails. *1096 However, we decline to extend Cole to a case such as this because we believe any modification of Cole to be within the province of our Supreme Court.
Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and enforce reasonable conditions upon the policy obligations they contractually assume. Louisiana Ins. Guar. v. Interstate Fire, 93-0911 (La. 1/14/94), 630 So.2d 759, citing Oceanonics, Inc. v. Petroleum Distributing Co., 292 So.2d 190 (La.1974)). If we were to adopt Lafayette's interpretation of the policy terms, an insurer arguably could remain a guarantor of its insured's actions forever.
Here the Potomac policy clearly and unambiguously obligated Potomac to indemnify L & L Electric for claims of "... physical injury to or destruction of tangible property... during the policy period ... resulting from ... an occurrence during the policy period". The occurrence, the failure of the defective wiring, was not within the policy period. The judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Potomac and Lafayette filed cross motions for summary judgment. Lafayette also appeals the denial of its motion; however, because the denial of a motion for summary judgment is non-appealable, we do not reach that issue. C.C.Pro. art. 968.