I .MURRAY, Judge.
Plaintiff, Lafayette Insurance Company (“Lafayette”), appeals the dismissal of its claims after trial on the merits, contending it is entitled .to judgment as a matter of law based upon a default previously entered in the case. Defendants, Charles E. Albert and C.E. Albert Construction Co., Inc. (referred to collectively as “Albert”),[1] have answered the appeal, seeking modification of the trial court’s order that “all parties [are] to bear their respective costs.” We affirm for the reasons that follow.
FACTS AND PROCEDURAL HISTORY[2]
In April 1985, Ronald M. Domin entered into a building contract with C.E. Albert Construction Co., Inc. to construct an addition to Mr. Domin’s one-story office building on South Jefferson Davis Parkway in New Orleans. The building was subsequently damaged by a fire that broke out around midnight on September 9, 1988,[3] as Hurricane Florence passed the city. Lafayette, Mr. Domin’s casualty insurer, filed this suit on September 7, 1989 to recover $50,874.93 paid pursuant to its policy.
|gLafayette’s initial petition asserted that the fire resulted from defective wiring and/or faulty installation of electrical equipment in 1985, and named the following as responsible for the resultant damages: Albert, as the general contractor; L & L Electric, Inc., and “Alvin Lacombe and Lanny Lacombe, individually and d/b/a L & L Electric Co.,” as the electrical subcontractor; Harwood I. Brown, who had certified the electrical plans and schematics; and various fictitious insurers and manufacturers.
In November 1990, Lafayette confirmed a preliminary default that had been entered against Alvin Lacombe. According to the court’s written reasons for judgment, an ex parte hearing was held on *970 November 7th at which Lafayette presented evidence that “no answer had been filed by Mr. Lacombe since the default was taken on July 31, 1990.” Although Alvin Lacombe, Lanny Lacombe and L & L Electric Co., Inc. were mentioned on the subsequent written judgment as “unrepresented and absent” parties to the hearing, the court’s decree specified only “that there be judgment ... against Alvin La-combe,” without reference to any other individual or firm. As required by Article 1913 of the Code of Civil Procedure, notice of the judgment was issued to all counsel of record as well as to Alvin Lacombe and Lanny Lacombe.
On April 15, 1997, Lafayette filed a “Third Supplemental and Amending Petition” that was to be served on remaining defendants Abert and Harwood Brown. This pleading asserted that because a judgment against Abert’s electrical subcontractor, “Avin J. Lecompte and L & L Electric Company” was now final, and because a general contractor is solidarily liable for a subcontractor’s fault, Lafayette was entitled to judgment against Abert as a matter of law. Defendants Abert and Brown filed timely answers to this amended petition, generally denying Lafayette’s allegations and conclusions. There is no indication that the plaintiff |afiled either a motion for judgment on the pleadings or for summary judgment on this issue, or otherwise sought to obtain a pre-trial determination as to this claim.
By the time the matter was brought to trial in February 1998, Lafayette’s only remaining claim was against Abert, who stipulated to damages but disputed the cause of the fire. Ater hearing the testimony of both fact and expert witnesses on this issue, the court took the matter under advisement. Other than defense counsel’s brief oral motion for a directed verdict, which was denied, no arguments were presented at trial, and no post-trial briefs were submitted. There is thus no indication that Lafayette sought a specific ruling regarding Abert’s ostensible liability based solely upon the earlier default judgment.
The judgment presently on appeal was rendered on February 10, 1998, dismissing Lafayette’s claims against C.E. Abert, C.E. Abert Construction Co., Inc. and U.S. Fidelity and Guaranty Co. with prejudice, with each party to bear its own costs. In the accompanying written reasons for judgment, the court explained that the plaintiff had not borne its burden of proving that either defective wiring or faulty installation of the circuitry in 1985 was, more probably than not, the cause of the 1988 fire. There was no mention of Lafayette’s plea for recovery based upon the prior default judgment.
Following receipt of the notice of judgment, Lafayette moved for and was granted a devolutive appeal, asserting error in the dismissal of its claims. Abert filed a timely answer to the appeal, contending that Lafayette should have been cast for all costs incurred by both parties.
ARGUMENTS AND DISCUSSION

Lafayette’s Appeal

Lafayette does not challenge the trial court’s factual finding that the 1988 fire was not caused by the 1985 construction work. Instead, the plaintiffs ^argument is explicitly limited “to the court’s error in refusing to find the contractor solidarily liable with the sub-contractor ... as a matter of law.” Lafayette asserts that the court’s failure to find Abert at fault is irrelevant, because Civil Code article 2762,[4] as interpreted in Joyner v. Aetna Casualty & Surety Co., 259 La. 660, 251 So.2d 166 (1971), and A & M Pest Control Service v. Fejta Construction Co., 338 So.2d 946 (La.App. 4th Cir.1976), renders a general contractor solidarily liable for any harm caused by a subcontractor. Lafayette thus contends that in this case, *971 Albert’s legal liability is established by the 1990 judgment holding the electrical subcontractor liable for all damages suffered as a result of the fire.
In opposition, the defendants first note that the default judgment was entered against Alvin Lacombe, but the testimony at trial established that Alvin Lecompte and others employed by L & L Electric did the electrical work on Mr. Domin’s building. Thus, because the judgment was not rendered against the correctly named subcontractor, Albert asserts that it cannot serve as the basis for a judgment against the contractor. The defense further argues that while Article 2762 imposes soli-dary liability on a contractor and subcontractor, vis a vis the owner, that is only true if the damage is caused by “badness of the workmanship.” In this case, Albert emphasizes, the trial court expressly rejected as unproven the claim that the fire resulted from the construction work performed in 1985. Therefore, even if the 1990 judgment had been entered against the correct party, Lafayette’s failure to prove causation negates any solidary relationship between Albert and the judgment debtor.
Lafayette responds that the spelling error. in the 1990 default judgment was corrected in 1993, with Mr. Lecompte’s written consent. As a result of the |splaintifFs ex parte motion, an amended judgment was rendered to specify that Alvin J. Le-compte, rather than Alvin Lacombe, was the party cast. In addition, Lafayette asserts that because Mr. Lecompte admitted at trial that he did the electrical work as a subcontractor for Mr. Albert, the solidary liability between the two defendants has been established. Finally, Lafayette notes that the judgment against the subcontractor is a final judgment, no longer subject to Albert’s collateral attack. The plaintiff argues that based upon these facts, it is entitled to a judgment “holding [Albert] solidarity liable for the judgment entered against its subcontractor.”
Ordinarily, an appellate court will not consider issues that were not considered by the court below. Suce’n of Hogan, 95-1409, p. 4. (La.App. 4th Cir.12/28/95), 666 So.2d 684, 686. In this case, Lafayette asserted its theory of recovery based upon the default judgment in an amending petition, but did not submit the issue for decision by the trial court in either a pre-trial motion or by argument at trial. However, because the plaintiff maintains that the question is strictly legal and no factual determination is necessary, we will consider the argument in order to “render [a] judgment which is just, legal, and proper upon the record on appeal.” La.Code Civ. Proc. art. 2164; Savoy v. Cecil Perry Improvement Co., 96-889, p. 18 (La.App. 3d Cir.2/5/97), 691 So.2d 692, 702.
We next note that it is the. 1990 default judgment, rather than the 1993 “amended” judgment, that must be considered in our assessment of Lafayette’s argument. A change in the name of a party cast in judgment is a substantive amendment that cannot be accomplished by an ex parte motion. La. Code Civ. Proc. art. 1951; Harvey v. Traylor, 96-1321, p. 5 (La.App. 4th Cir.2/5/97), 688 So.2d 1324, 1329, writ denied, 97-0587 (La.4/18/97), 692 So.2d 454. Instead, the correction of such an error requires a timely motion for new trial, action for nullity, Lor appeal. See La.Code Civ. Proc. arts.1971-2006; Harvey v. Traylor at 5, 688 So.2d at 1329. Because the 1993 judgment did not result from a timely contradictory proceeding, it is an absolute nullity and of no effect. Nevertheless, for purposes of this appeal we will assume that the default judgment correctly named an individual who could be considered Albert’s electrical subcontractor on the 1985 construction job.
It is Lafayette’s contention that because a general contractor is legally liable for a subcontractor’s negligent performance under a construction contract, the 1990 default judgment, without more, establishes that the general contractor is legally liable for the damages allegedly *972 arising from the 1988 fire. This novel theory rests on the unstated assumption that a default judgment against one soli-dary obligor not only constitutes proof of the cause of action against the judgment debtor, but of all elements of the cause of action against a solidary co-defendant. Lafayette has offered no codal or jurisprudential authority in support of its proposition, nor was any found in this court’s research.
It appears, however, that the issue of whether the rendition of a default judgment against one solidary obligor precludes a plaintiff from obtaining a judgment on the merits against another defendant has been litigated. See Frank’s Door & Bldg. Supply, Inc. v. Double H. Const. Co. Inc., 459 So.2d 1273, 1276-77 (La.App. 1st Cir.1984), and cases cited therein. In a similar vein, it has been held that entry of a default judgment against one solidary obligor does not prohibit a subsequent determination that the plaintiffs claims against other defendants were abandoned under Article 561 of the Code of Civil Procedure. Richey v. Fetty, 96-2762 (La.App. 1st Cir.4/8/98), 715 So.2d 1, writ denied, 98-2184 (La. 11/13/98), 731 So.2d 257.
If, as Lafayette argues, the default judgment against one solidary defendant 17establishes the liability of all, there would be no need to pursue further claims against alleged solidary co-defendants. Under Lafayette’s theory, once the default judgment became final and definitive, the plaintiff would be entitled to “judgment as a matter of law” without delay, lessening the risk of dismissal for abandonment. Thus, Lafayette’s proposed theory of liability runs counter to the logic demonstrated in the jurisprudence.
Once final and definitive, a default judgment precludes the named defendant from contesting liability and damages based upon the prima facie evidence presented for confirmation. La.Code Civ. Proc. art. 1702-1702.1. Consequently, Lafayette is entitled to collect its damages from Alvin Lacombe, notwithstanding the subsequent determination that the fire was not caused by the 1985 construction work. However, we find nothing in the law to suggest that one defendant’s failure to appear and answer a suit constitutes a legal finding of fault and causation binding upon another defendant. Absent this factual finding, the plaintiff has not proven a cause of action against Albert, and there is thus no basis for the judgment Lafayette seeks in this appeal.

Albert’s Answer to the Appeal

Albert seeks amendment of the judgment below insofar as it has been cast to pay its own court costs. The defendants contend that because they prevailed after trial on the merits, Lafayette should have been condemned to pay all costs under Article 1920 of the Code of Civil Procedure. The plaintiff responds that Article 1920 permits the court to assess costs “against any party, as it may consider equitable.” Because Albert has not alleged any facts demonstrating an abuse of discretion, Lafayette maintains that the assessment of costs should be affirmed.
The language of Article 1920 expressly grants discretion to the trial court to deny the prevailing party an award for its court costs. See Schlesinger v. Herzog, 95—1127, p. 25 (La.App. 4th Cir.4/3/96), 672 So.2d 701, 716, writ denied, 96-1328 (La.10/4/96), 679 So.2d 1381 and cases cited therein. In this case, Albert asserts only that Lafayette should pay all costs because it lost after trial on the merits, without further factual specifications. Under these circumstances, we are unable to conclude that the district court abused its discretion in condemning each party to bear its own costs.
CONCLUSION
For the reasons assigned, the judgment rendered on February 10, 1998 is affirmed in its entirety. Plaintiff-appellant, Lafay *973 ette Insurance Company, is to bear all costs of the appeal and answer.
AFFIRMED.

. Defendants’ insurer, U.S. Fidelity and Guaranty Co., is included in this appeal, although it does not appear that USF & G was cited and served as a defendant in this suit.

. This matter was previously before this court to decide a dispute regarding insurance coverage. See Lafayette Ins. Co. v. C. E. Albert Const. Co., Inc., 95-0048 (La.App. 4th Cir.9/15/95), 661 So.2d 1093, writ denied, 95-2465 (La. 1/5/96), 666 So.2d 296.

.The petition erroneously states that the fire occurred in 1989.

. “If a building ... should fall to ruin either in whole or in part, on account of the badness of the workmanship, the architect or undertaker shall bear the loss