193 So.2d 411 (1966)
Charles M. LAND et al., Plaintiffs-Appellees,
v.
SUCCESSION of Frances Ada C. NEWSOM, Defendants-Appellants.
No. 10696.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1966.
Rehearing Denied January 4, 1967.
Writ Refused February 23, 1967.
Lowe & Benton, Minden, Meadors, Atkins & Meadors, Homer, for appellants.
Campbell, Campbell & Marvin, Minden, for appellees.
Before HARDY, GLADNEY and AYRES, JJ.
GLADNEY, Judge.
The will of Frances Ada C. Newsom, who died in Webster Parish on June 25, 1964, was presented for probate in succession proceedings instituted by Lawrence L. Goodwin, named as executor in said will. Following due proceedings a judgment was rendered placing the legatees in possession of the estate. Subsequently on December 3, 1964, Charles M. Land, et al, being a sister and nieces and nephews of the decedent, the latter having left no forced heirs, instituted this action praying to have the purported will or document declared invalid as the will of the decedent; the judgment admitting it to probate voided and recalled; and for a decree ordering the defendants to return or account for all properties that they had taken into their possession as legatees. Named as defendants are Lawrence L. Goodwin, Sallie Clarey Goodwin and W. T. Gilmer, the latter defendant being a legatee and not one of the presumptive *412 heirs as were defendants, Lawrence L. Goodwin and Sallie Clarey Goodwin. From a judgment in favor of petitioners as prayed for, this appeal was taken.
The purported will under attack consists of two typewritten pages and was intended to conform to the requirements of LSA-R.S. 9:2442. The will was held invalid by the trial judge on the sole ground that page one thereof did not bear the signature of the testatrix. No other issue is presented on this appeal.
Some testimony was presented by Judge Enos C. McClendon, Jr. and by Lawrence Goodwin. All proceedings in the succession of the decedent were made a part of the record as was a stipulation of fact entered into naming the heirs of the decedent and providing for distribution of the property should the attack upon the will be sustained. Testimony by Judge Enos C. McClendon, the Notary in the confection of the will, and Lawrence Goodwin, who qualified as executor, was that the document presented and probated was, in their opinion, the same document executed by the decedent. Of some significance is the fact that the two pages of the document were stapled when presented for probate. Judge McClendon and Lawrence Goodwin testified when they had seen the will after its preparation and during the lifetime of Mrs. Newsom, the two pages were stapled together. The defendants contend that by reason of the stapling of the sheets of paper, the will was written on but one page.
In holding invalid the document which purported to be the will of Mrs. Newsom, the decision of the trial court was based on the following points: That the document admittedly was not written or executed in accordance with the articles of the Civil Code regulating the making of olographic, nuncupative or mystic wills by a testator; that the document failed to meet the mandatory requirements made by R.S. 9:2442, in that it consisted of two pages or sheets, the first page of which was not signed by the testatrix; that the first page contained all dispositive clauses; and that the only signatures appearing in the will were those which appeared on the second page (or sheet) of the purported will.
In the absence of legislative authority no one may dispose of his property by will, and it necessarily follows that the Legislature may make the exercise of such rights subject to such regulations and requirements as it pleases. Thus it is generally recognized that:
"The right to dispose of property by will is not a natural, inherent, or constitutional right, but is dependent solely on legislative authority; and the legislature has power to withhold the right or to make its exercise subject to such regulations and requirements as it pleases.
"It has been said that, in the absence of legislative authority, no one may dispose of his property by will, there being no common-law right to make a will; and in a majority of jurisdictions the matter is entirely statutory. The right to make a will is not a natural, inalienable, inherited, fundamental, or inherent right; and it is not a right of citizenship, or one guaranteed by the Constitution. It is said to be a privilege. Under this view, the legislature has power to withhold or grant the right, and, if it grants it, it may make its exercise subject to such regulations and requirements as it pleases, provided it respects the provisions of the federal Constitution. * * *" [94 C. J.S. Verbo Wills § 3]
The courts thus have the authority to and have declared testaments to be null and void because of failure to observe the formalities prescribed by the particular statute. An appropriate comment is found in the Succession of Koerkel, La.App., 174 So.2d 213 (1st Cir. 1965):
"The legislature, possessing the power to impose such conditions as it may see fit, respecting the form and manner of transferring property mortis causa, need not declare the reasons for its requirements *413 as long as they contravene no applicable constitutional concept. A requirement valid on its face and violative of no provision of constitutional law is binding upon the courts who are powerless to inquire into the reasonableness thereof. Irrespective of the illogicality attending the requirement, under the circumstances shown, the courts are bound to enforce the provision, the irrationality thereof being a matter solely within the legislative discretion." [174 So.2d 213, 216]
Our jurisprudence is replete with decisions which have held testaments null and void because of the failure of the testator to comply with prescribed formalities. Succession of Robertson, 49 La.Ann. 868, 21 So. 586 (1897); Succession of Dyer, 155 La. 265, 99 So. 214 (1924); Succession of Kron, 172 La. 666, 135 So. 19 (1931).
The statute under which Mrs. Newsom's will was prepared, LSA-R.S. 9:2442, provides:
"In addition to the methods provided in the Louisiana Civil Code, a will shall be valid if in writing (whether typewritten, printed, mimeographed, or written in any other manner), and signed by the testator in the presence of a notary public and two witnesses in the following manner:
"(1) In the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will and shall sign his name on each separate sheet of the instrument. If, however, the testator declares that he is not able to sign his name because of some physical infirmity, express mention of his declaration and of the cause that hinders him from signing his name must be made in the act, and he shall then affix his mark on each separate sheet of the instrument.
"(2) The notary and both witnesses must sign their names at the end of the will in the presence of the testator and in the presence of each other.
"(3) The foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will. Such declaration may be in the following form or a form substantially similar thereto: `Signed on each page (or if not signed by the testator, the statement of his declaration that he is not able to sign his name and of the physical cause that hinders him from signing) and declared by testator above named, in our presence to be his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names on this _____ day of _____, 19.' Acts 1952, No. 66, § 1, as amended Acts 1964, No. 123, § 1." [LSA-R.S. 9:2442]
Thus, as may be briefly stated, a will prepared in accordance with these statutory requirements, shall be in writing signed by the testator in the presence of a notary public and two witnesses; the testator must declare the instrument to be his last will; he must sign his name on each separate sheet of the instrument; and the notary public and witnesses must sign their names at the end of the will in the presence of the testator and of each other.
Counsel for appellees argue with much force that the word "separate" as used in the phrase "each separate sheet" in the statute is an adjective designating and identifying each page of the will as being distinct or separate from the other and that the word "sheet" simply means a single leaf of the manuscript or will or book. In construing the meaning of the word "page" the court in Kraft v. Cohen, D.C., 32 F. Supp. 821, said:
"`Pageone side of a leaf of a book, manuscript, ledger, etc.'; 46 C.J. 1168; Webster's New International Dictionary. Books consist, generally speaking, of leaves bound within covers, and each side of a leaf constitutes a page." [32 F. Supp. 821, 823]
Counsel for appellant argue the requirement that the witnesses "sign each separate sheet" of the will is directory only and failure to sign the first page of a two page *414 testament will not invalidate it in all cases. It is urged that the purpose of the statute LSA-R.S. 9:2442 was to provide a simpler method of making a will and our courts should be most careful in establishing the mandatory requirements of this kind of will, and that the obvious purpose of requiring a signature on the first page of a statutory will is to provide a safe guarantee against fraud. It is pointed out that no fraud is alleged herein and the testimony of the witnesses offered should be a sufficient warranty that there has been no change in the will as originally executed by the testatrix. In support of the contention so made, counsel for appellants rely upon the Succession of Nourse, 234 La. 691, 101 So.2d 204 (1958) and the Succession of Eck, 233 La. 764, 98 So.2d 181 (1957).
The Succession of Nourse give appellants little support. The synopsis of the reported case recounts that where the "will consisted of two pages and bore decedent's signature on each page, her signature at the end of the document in company with those of witnesses and notary was sufficient without an additional signature of decedent at the conclusion of the dispositive provisions of the will." (Emphasis supplied). Likewise Succession of Eck is inapposite. It was held that the statute providing that signatures of the testator, notary and witnesses must be below the attestation clause was complied with where there were two attestation clauses with the testator's signature following the first attestation clause which appeared below the testamentary dispositions and the signatures of the witnesses and notary following the second attestation clause which appeared below the testator's signature.
Considered in the light most favorable to appellants, the cases cited above cannot be said to present a departure from the mandatory requirements of LSA-R.S. 9:2442. The absence of the testatrix's signature on each page or sheet of the will is fatal. There was no signature upon sheet number one of Mrs. Newsom's purported will. This question was not presented in either the Succession of Nourse or Succession of Eck.
Although not seriously urged, some argument was made that the two sheets of the will by reason of the fact they had been stapled together constituted but one page and, therefore, met the requirements of the statute. This is untenable primarily for the reason that if such contention should be sanctioned by the courts, the door would be opened for the substitution of one or more sheets of paper which could fraudulently change the intentions of the testator.
For the foregoing reasons we find no error in the judgment from which appealed, and it is affirmed at appellants' cost.