BYRNES, Judge.
This is an appeal from a judgment ordering the probate of a statutory will over the objection of the testatrix’s forced heirs and declaring the statutory will of decedent dated March 17, 1978 to be valid. Their challenge was based on the fact that the testatrix did not sign the second page of her two page will. We agree and reverse.
The will in this case was confected on March 17, 1978. The dispositive portions of this testament were all contained on .the first page and the testatrix signed immediately below those provisions. Below this was the signature of the notary and below that the signatures of the two witnesses. Page one also contained the first ten words of the attestation clause required by R.S. 9:2442(B)(2). Because the entire clause would not fit on this page, it was completed and signed by the notary and witnesses on the next page. However, the testatrix did not sign this page.
Under R.S. 9:2442(B)(2) the testator “shall sign his name at the end of the will and on each other separate page of the instrument”, (emphasis added).
The failure of the testator to sign each sheet is fatal to the validity of the will. Succession of Hoyt, 303 So.2d 189 (La.App. 1st Cir.1974). See also Land v. Succession of Newson. 193 So.2d 411 (La. App. 2nd Cir.1967). Succession of Chopin, 214 So.2d 248 (La.App. 4th Cir.1968), cited by appellees, is distinguishable because in that case the testatrix made her mark on both pages of her will. The dispute in Chopin, was over the location of the signature, not its existence.
Although the validity of wills should be maintained where possible, this principle cannot justify ignoring the explicit statutory requirement that the testator sign “each other seperate page of the instrument”. To hold otherwise would be to judicially rewrite the statute and carve out an exception which its language does not support.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of Robert and Joseph Guezu-raga, maintaining their opposition to the probate of the purported will of decedent dated March 17, 1978 and declaring that will to be invalid.
*189 Costs of this appeal are to be paid by the appellee.
REVERSED.