508 So.2d 631 (1987)
SUCCESSION OF John Walter ENGLISH.
No. 18749-CA.
Court of Appeal of Louisiana, Second Circuit.
June 10, 1987.
Herman L. Lawson, Mansfield, for plaintiffs-appellants, Wilma E. Gessner and Alma Virginia Carson.
W. Charles Brown, Mansfield, for defendant-appellee, Oscar Douglas English.
Before JASPER E. JONES, SEXTON and NORRIS, JJ.
JASPER E. JONES, Judge.
This is a suit to invalidate a probated statutory will. The plaintiffs-appellants are Wilma E. Gessner and Alma Virginia Carson, daughters of the decedent. The defendant-appellee is Oscar Douglas English, the son of the decedent.
We reverse.

FACTS
John Walter English died on July 12, 1986, leaving a signed document upon which the decedent's last will and testament was typewritten. The document was also signed by two witnesses and a notary.[1] The document contained no formal attestation *632 clause nor did its dispositive provisions relate the manner of confection. The defendant filed a petition praying that the document be probated as a statutory testament and executed according to law. Attached to the petition was an affidavit before another notary and two witnesses wherein the notary and two witnesses before whom the will was executed declared:
"AFFIANTS further declare, under oath, that they recognize the above described Last Will and Testament as the instrument signed by JOHN WALTER ENGLISH, Testator, in the presence of affiants. The Testator, JOHN WALTER [sic] declared to affiants that the document was his Last Will and Testament; that they, Notary and attesting witnesses, together with said testator, signed at the end of the will, all in each other's presence, and that they recognized the signature of the testator as affixed by him in one (1) place on that will and slso [sic] their own signatures on the Will."
The trial court ruled the document had been proven to be a valid statutory will and ordered that its provisions be executed according to law.
On August 21, 1986, the plaintiffs filed a petition to annul the probated statutory testament due to the lack of a formal attestation clause and hearing on the rule to show cause was held. By judgment rendered on September 19, 1986, the trial court dismissed the plaintiffs' demands.
The plaintiffs have appealed. The plaintiffs' assignment of error presents the following issue for decision: Was the trial court wrong in ruling the lack of a formal attestation clause did not invalidate the statutory will?

LAW ON THE REQUIREMENT FOR AN ATTESTATION CLAUSE IN A STATUTORY WILL
The statutory will shall be prepared in writing and shall be dated and executed in the following manner: ... (2) "In the presence of the testator and each other, the notary and the witnesses shall then sign the following declaration, or one substantially similar: `The testator has signed this will at the end and on each other separate page, and has declared or signified in our presence that it is his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names this ____ day of ____________, 19__.'" LSA-R.S. 9:2442 B, (2).
There must be an attestation clause, or clause of declaration, but its form is not sacrosanct. The attestation clause is designed to evidence that the facts and circumstances of the confection and execution of the instrument conform to the statutory requirements. Succession of Morgan, 257 La. 380, 242 So.2d 551 (1970). Where there is no formal attestation clause the dispositive provisions of the testament will be scrutinized in order to ascertain whether the instrument as a whole complies with the statutory requirements. The attestation clause is not self-proving and witnesses by affidavit or in person must be produced in accordance with LSA-C.C.P. art. 2887. Succession of Porche, 288 So.2d 27 (La.1973). The court in Porche, supra, reasoned "The purpose of the attestation clause is primarily to evidence at the time the will was executed, that the statutory formalities ... had been satisfied." The court held that where the instrument as a whole showed the formalities had been complied with this constituted substantial compliance with the statute and "that a will is only invalid where there is no substantial compliance with the statute."

Is the document a valid statutory will?
The record shows that on the day of the hearing on the rule the defendant filed a trial memorandum arguing that the plaintiffs' objection, that the will contained no formal attestation clause, was insufficient to invalidate the statutory testament as there had been no allegation of fraud or undue influence and as the substantive provisions of LSA-R.S. 9:2442 had been substantially complied with. The defendant also filed an evidentiary memorandum arguing, in relevant part, that the affidavit, filed with the probate petition in accordance with LSA-C.C.P. art. 2887, was proof *633 that the will was prepared and executed in compliance with the statute. The trial court adopted these memorandums in its written reasons for judgment.
We determine that the trial court was wrong in upholding the validity of the statutory will. The record shows the probated document contains no formal attestation clause nor do the dispositive provisions of the document prove that the statutory formalities had been complied with when the instrument was confected. These deficiencies establish there is no basis for construing the document to be in substantial compliance with LSA-R.S. 9:2442. The affidavit used to probate the will cannot "cure" the total lack of an attestation clause. Such an interpretation would render meaningless the mandatory requirements of the statute and do violence to the jurisprudentially recognized purpose of the attestation clause. Cf., Succession of Brown, 458 So.2d 140 (La.App. 1st Cir. 1984). The purpose of the clause is to provide evidence that the mandatory formalities have been complied with and LSA-C.C.P. art. 2887 is a source of proof that the testator signed what he formally indicated to be his testament. Succession of Porche, supra. To hold the probate affidavit can supply a complete lack of an attestation clause, or for a complete failure of the dispositive provisions of the testament to supply the requirements necessary to substantially comply with the statute, would be to judicially rewrite the statute and carve out an exception which its language does not support. Cf., Succession of Guezura, 503 So.2d 187 (La.App. 4th Cir.1987).
The absence of a valid testament requires decedent's estate to be subject to the laws on intestate successions.

CONCLUSION
The judgment is REVERSED and SET ASIDE and there is judgment herein invalidating the purported statutory will of John Walter English dated January 13, 1986. The order of the court dated July 29, 1986, which probated this will and ordered it executed, is REVERSED and SET ASIDE. All costs below and on appeal are assessed against the appellee.
NOTES
[1] Following the dispositive provisions of the will was a clause appointing the defendant executor and the will then concluded:

"Thus written, dated, and signed on the day, month, and year first hereinabove written.
 s/John Walter English
 John Walter English,
 s/Paul S. Grant
 Witness
 s/Howard Wilkinson
 Witness
 s/Wilbur T. Purvis, Jr.
 Notary
Done on January 13, 1986 in Mfd, La."