JASPER E. JONES, Judge.
This is an appeal of a trial court judgment decreeing that two purported statutory wills were invalid and not subject to probate. The plaintiff-appellant is Audrey Elton Roland, who was named testamentary co-executrix in the wills which were sought to be probated. The defendant-ap-pellee is Tom R. Bruce, administrator of the decedent’s estate.
FACTS
John E. Holloway died on January 29, 1986. The defendant, the decedent’s cousin, obtained an order from the trial court authorizing the entry of the deceased’s safe deposit box for the purpose of searching for a will and the inventory of its contents. Within this safe deposit box was, among other items, an original document denominated as the “Last Will And Testament Of John Erwin Holloway.” The document was in statutory form but the attestation clause of the will appeared as follows:
“hereunto subscribed our names on this _ day of February 1984.” ...
The dispositive provisions of the instrument make no reference to which day of the month the document was executed. On the same day the decedent’s undated original will was removed from the bank box the appellant brought to the notary who entered the bank box an envelope containing a copy of the undated will with the number ‘13’ written in the blank space of the date. The defendant petitioned the trial court to probate the wills or, in the alternative, appoint him as administrator of the decedent’s succession. The trial court determined that the purported testaments were invalid and not subject to probate and appointed the defendant as administrator of the succession.
On September 9, 1986, the plaintiff filed a petition praying for a rule to show cause why the documents should not be probated according to law and she be placed in possession of the estate in accordance with the terms of the will. The petition itself asserted that there had been no allegation of the incompetence of the deceased and that the petitioner’s personal knowledge would establish the original will was executed on February 13,1984. The rule was dismissed on the day of the hearing without prejudice by agreement of the parties. By judgment rendered on October 17, 1986, the trial court decreed that the purported wills were invalid and not subject to probate.
The plaintiff has appealed the trial court judgment refusing to probate the original or the copy of the decedent’s will. The sole assignment of error presents the following issue for decision: Was the trial court clearly wrong in refusing to probate the original will, based upon the failure of the notary public to provide the day of the month in the attestation clause, where there was no other challenge to the validity of the document?
*1276 LAW ON DATING STATUTORY TESTAMENTS
The word “shall” is mandatory. LSA-R.S. 1:3.[1] “When a law is clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.” LSA-C.C. art. 13.
LSA-R.S. 9:2442. Statutory will; form; witnesses
[[Image here]]
B. The statutory will shall be prepared in writing and shall be dated and executed in the following manner:
[[Image here]]
(2) In the presence of the testator and each other, the notary and the witnesses shall then sign the following declaration, or one substantially similar:
“The testator has signed this will at the end and on each other separate page, and has declared or signified in our presence that it is his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names this_day of_, 19_” [emphasis added]
There must be an attestation clause but its form is not sacrosant. Where the attestation clause is non-existant or is non-conforming to the prescribed statutory formalities, the dispositive provisions of the testament will be scrutinized in order to ascertain whether the instrument as a whole complies with the statutory requirements. Succession of English, 508 So.2d 631 (La. App. 2d Cir.1987).

Is the statutory will valid?

The appellant cites Succession of Gordon, 257 La. 1086, 245 So.2d 319 (La. 1971) and argues the statutory will is in substantial compliance with LSA-R.S. 9:2442 as:
(1) the presence of the month and year in the attestation clause amounts to a reasonable benchmark as there is no other challenge to the validity of the will; and
(2) the lack of the day of the month in the attestation clause is a mistake attributable to the notary and not to the testator.
We conclude the absence of the day of the month in the attestation clause invalidates the purported statutory testament as the document as a whole fails to show that it was executed in substantial compliance with the mandated statutory requirements. It is true that the legislature created the statutory testament in order to evade the rigid standards of form required of civil law wills and that such a testament should be interpreted from a perspective of requiring only substantial compliance with the legislatively mandated formalities. Succession of Porche, 288 So.2d 27 (La.1973). However, substantial compliance with the statutory scheme has never been interpreted to authorize the total absence of a mandatory requirement when there is no other challenge to the validity of the purported testament. Rather, substantial compliance has been found when there is some technical variation in the mandated formalities but the instrument as a whole shows that the relevant formalities have been reasonably satisfied. Succession of Porche, supra; Succession of English, supra. The record shows that the other provisions of the instrument do not relate upon which of the 29 days in February of 1984 the instrument was executed. This deficiency establishes there is no basis for construing the purported statutory testament to be in substantial compliance with LSA-R.S. 9:2442. The appellant is incorrect in relying upon Succession of Gordon, supra, to support her position. The cited case held that the omission of the day of the month in the attestation clause of a statutory will did not invalidate the instrument because the permissive language of the statute did not require the will to be dated. The court stated “The will need not be dated unless there is an express requirement within our statute mandating an inclusion of a date.” This holding was legislatively overruled by *1277 Act 1974, No. 246, § 1 which amended LSA-R.S. 9:2442 and eliminated the permissive language and provided the statutory will “shall be dated.” The law now expressly mandates that the date in the attestation clause include the day of the month. To hold that the omission of the day of the month in the attestation clause date does not invalidate an otherwise unchallenged purported statutory testament, when the dispositive provisions of the instrument fail to contain information as to what day of the month the document was executed, would be to judicially rewrite the statute and carve out an exception which its mandatory language does not support. Cf., Succession of English, supra; Cf., Succession of Guezura, 503 So.2d 187 (La.App. 4th Cir.1987).
CONCLUSION
The judgment is AFFIRMED.

. § 3. Words and phrases; how construed Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
The word “shall” is mandatory and the word "may” is permissive.