McClendon, j.
| ¡¡The plaintiff appeals from a grant of summary judgment that dismissed her suit for damages, which followed the suspension of her license as a registered nurse. We affirm.
FACTUAL AND PROCEDURAL HISTORY
In January 2007, Debra A. Lewis was working as a registered nurse at the Gulf States Long Term Acute Care (Gulf States) facility in Slidell. Subsequent to an expression of concern by a physician regarding requests for narcotic drug medication for certain patients by Ms. Lewis, Jodi Morgan, the director of nursing, determined that there were other questionable incidents where Ms. Lewis either requested or administered pain medication. Thereafter, a complaint was filed with the Louisiana State Board of Nursing (Board) and Ms. Lewis’s nursing license was suspended during the course of the investigation. The Board conducted a hearing and ultimately determined that Ms. Lewis violated the Nurse Practices Act and the Professional Rules and Regulations applicable to registered nurses. As a result, the Board ordered the continued suspension of Ms. Lewis’s license pending the completion of certain requirements and stipulations. Subsequently, the Board’s decision was affirmed by the district court *743 and this court.[1]
On January 22, 2008, Ms. Lewis filed a petition for damages against Ms. Morgan, Tara Roberts, Dr. Allan Larcena, Dr. Maria D. Mahoney, Gulf States Health Services, Inc., and Health Services Group of Louisiana, L.L.C. d/b/a Gulf States Long Term Acute Care of Washington/St. Tammany (defendants). In her petition, Ms. Lewis alleged that Ms. Morgan fraudulently conspired with Ms. Roberts, an administrator at Gulf States and/or Health Services, to file the damaging complaint against her without first conducting a proper investigation. Ms. Lewis asserted causes of action in negligence, fraud, conspiracy, collusion, and defamation against Ms. Morgan and Ms. Roberts. Ms. Lewis further | contended that Drs. Larcena and Mahoney were the direct supervisors of Ms. Morgan and Ms. Roberts and failed to properly supervise them concerning a proper investigation of Ms. Lewis. Ms. Lewis sought recovery from Drs. Larcena and Mahoney based on negligence, failure to supervise, failure to train, negligent supervision, and failure to implement measures concerning the investigation of an employee.
The defendants answered the petition and raised several exceptions and affirmative defenses, including immunity. Thereafter, on November 4, 2010, the defendants filed a motion for summary judgment, asserting that they were entitled to summary judgment as a matter of law on all of Ms. Lewis’s claims based on statutory immunity under LSA-R.S. 37:931, arising from providing information to the Board. Following a hearing, the trial court granted the motion for summary judgment, and judgment was signed on May 12, 2011, dismissing Ms. Lewis’s claims against the defendants with prejudice. Ms. Lewis appealed.[2]
DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact. Gonzales v. Kissner, OS-2154, p. 4 (La.App. 1 Cir. 9/11/09), 24 So.3d 214, 217. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B. Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966 A(2); Aucoin v. Rochel, 08-1180, p. 5 (La.App. 1 Cir. 12/23/08), 5 So.3d 197, 200, writ denied, 09-0122 (La.3/27/09), 5 So.3d 143.
On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter |4that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue *744 of material fact, and the mover is entitled to summary judgment. LSA-C.C.P. art. 966 C(2); Robles v. ExxonMobile, 02-0854, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 339, 341.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Boudreaux v. Vankerkhove, 07-2555, p. 5 (La.App. 1 Cir. 8/11/08), 993 So.2d 725, 729-30. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Ernest v. Petroleum Service Corp., 02-2482, p. 3 (La.App. 1 Cir. 11/19/03), 868 So.2d 96, 97, writ denied, 03-3439 (La.2/20/04), 866 So.2d 830.
Pertinent to this matter is LSA-R.S. 37:931 A, which provides:
There shall be no civil liability and no licensee or other individual shall have a cause of action or a claim for damages against any person or institution providing information to the board, its members, officers, designated agents or representatives, employees, where the individual or institution acts without malice and in the reasonable belief that such information is accurate.
Thus, the statute provides qualified immunity to “any person or institution providing information to the board, ... where the individual or institution acts without malice and in the reasonable belief that such information is accurate.”
Ms. Lewis contends, however, that her claims against defendants were not based solely on defendants’ communications to the Boai’d. She asserts that | sher claims also arise from her suspension “based on the blatant misrepresentation of Dr. Larcena’s intent in his phone call to Jodi Morgan.”
The record shows that on January 18, 2007, a “Formal Physician Complaint/Concern” was signed by Ms. Morgan and Ms. Roberts regarding certain actions of Ms. Lewis. The complaint indicated that Dr. Larcena had expressed to Ms. Morgan specific concerns that he had regarding requests for narcotic drug medication made by Ms. Lewis during her work shift the previous evening. Dr. Larcena reported that Ms. Lewis called him on two separate occasions during her shift to request pain medication for two patients. Dr. Larcena expressed his concern because one patient was in a comatose state and the second patient was not on pain medication.
The trial court determined that Ms. Lewis filed this lawsuit based on her suspension, which was the result of complaints made by the defendants to the Board. The court further found that it was Ms. Lewis’s burden to show that the defendants acted with malice and without a reasonable belief that the information in the complaint was correct. The court concluded that Ms. Lewis could not meet her evidentiary burden at trial that defendants acted without good faith, “specifically based upon the fact that this complaint ran through the courts and was determined by the Board to have validity.”
Upon our own thorough de novo review of the record, we agree that all of Ms. Lewis’s claims arose out of the information defendants provided to the Board, which led to the suspension of her license. Ms. Lewis’s own deposition testimony confirms that her claims were a result of her license being suspended based on the complaint to the Board. Further, Ms. Lewis failed to present evidence sufficient to meet her *745 evidentiary burden at trial that defendants’ actions were made with malice and without a reasonable belief that the information was accurate. Ms. Lewis was afforded a full hearing before the Board, and the suspension of her license was upheld.[3] That decision has been | (¡affirmed by the district court and this court. Ms. Lewis has offered no additional evidence that the complaint was inaccurate or made with malice. Given these findings, we cannot say that the allegations lacked a reasonable basis and were maliciously made. Thus, all requirements of the statute were met. Accordingly, we find that the trial court correctly determined that the actions of the defendants were covered by LSA-R.S. 37:931, and defendants’ summary judgment was properly granted.
For the above and foregoing reasons, we affirm the trial court’s grant of summary judgment, and assess all costs associated with this appeal against Debra A. Lewis.
AFFIRMED.

. See Lewis v. The Louisiana State Board of Nursing, 09-0979 (La.App. 1 Cir. 12/23/09) (unpublished opinion).

. Ms. Lewis filed a "Motion for Rehearing on Defendants’ Motion for Summary Judgment,” which was denied on July 28, 2011.

. We note that at the hearing Ms. Lewis was represented by counsel and offered the opportunity to present evidence.