PETTIGREW, J.
|2Appellant, Llevonne H. Holbrook, challenges the trial court’s judgment, granting a motion for summary judgment filed by appellee, Dianne Carlucci, and invalidating the last will and testament filed on behalf of the late James Jason Holbrook, Sr. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
James Jason Holbrook, Sr. died testate on July 4, 2010. In a last will and testament allegedly executed on April 8, 2009, Mr. Holbrook named his wife, Llevonne H. Holbrook, as executrix of his estate. Following Mr. Holbrook’s death, Mrs. Hol-brook filed a petition on July 9, 2010, to have the will probated, be appointed executrix, and be put in possession of Mr. Holbrook’s estate. The will was probated, and a judgment of possession was signed by the trial court on July 14, 2010. Subsequently, on November 12, 2010, Mr. Hol-brook’s daughter, Dianne Carlucci, filed a “Petition To Set Aside Judgment Of Possession, Set Aside The Will Of The Late James Jason Holbrook, Sr. For Violations Of The Requirements Of The Notarial Will And Undue Influence.” In response to said petition, Mrs. Holbrook filed a general denial and reconventional demand concerning bank accounts that Mrs. Carlucci maintained for her father prior to his death. Mrs. Carlucci answered the reconventional demand, generally denying the allegations therein.
On July 19, 2011, Mrs. Carlucci filed a second petition to set aside the will at issue. Thereafter, on February 22, 2012, she filed a motion for summary judgment, asserting that Mr. Holbrook’s will was invalid due to the fact that the attestation clause was not dated, and, therefore, the will did not meet the statutory requirements of La. Civ.Code art. 1577. Thus, Mrs. Carlucci maintained, there was no genuine issue as to any material fact and she was entitled to summary judgment as a matter of law. Mrs. Holbrook filed an opposition to Mrs. Carlucci’s motion for summary judgment. Mrs. Holbrook acknowledged that the notary who handled Mr. Holbrook’s will inadvertently failed to put the day in the date section of the attestation clause. Mrs. Holbrook noted, *1186 however, that every page of the will was dated April 8, 2009, including the last page of the will that | .¡included the attestation clause itself. Mrs. Holbrook submitted the affidavits of the notary and one of the witnesses who both stated that Mr. Hol-brook had executed his will before them on April 8, 2009.
Following a March 28, 2012 hearing on the motion for summary judgment, the trial court took the matter under advisement. On April 5, 2012, the trial court issued written reasons for judgment as follows:
This matter came before the Court for hearing on May 28, 2012. The Court took the matter under advisement in order to review the jurisprudence on the subject.
This testament was prepared in accordance with Civil Code articles 1576 et seq. governing as to form. This Court is of the opinion that the attestation clause must be dated as provided in Civil Code article 1577.
Based upon its reading of Succession of Holloway, 531 So.2d 431 ([S Ct,] [La. ]1988) and In the matter of Succession of Hendricks, 28 So.3d 1057 (Court of Appeal, First Circuit, 2009), this Court finds that the testament is invalid as it is non-compliant with the requirements of Civil Code article 1577 due to the omission of the date in the attestation clause.
The plaintiffs are awarded the relief requested in the Motion for Summary Judgment and additionally the Court will award, in favor of the mover and against the executrix, any court costs incurred by the mover.
The trial court signed a judgment on April 25, 2012, in accordance with these findings, granting summary judgment and finding Mr. Holbrook’s will to be invalid. It is from this judgment that Mrs. Holbrook has appealed. The sole error on appeal for our review is whether the trial court erred in holding that the will was invalid because the attestation clause was not dated.
LAW AND ANALYSIS
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Lewis v. Morgan, 2011-2182, p. 3 (La.App. 1 Cir. 6/8/12), 93 So.3d 741, 743. It should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B). The summary judgment procedure is expressly favored in the law and is designed to secure the just, speedy, and inexpensive determination of non-domestic civil actions. La. Code Civ. P. art. |4966(A)(2). Its purpose is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. Hines v. Garrett, 2004-0806, p. 7 (La.6/25/04), 876 So.2d 764, 769 (per curiam). Summary judgments are reviewed on appeal de novo. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Lewis, 2011-2182 at 4, 93 So.3d at 744.
On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead, the mover must point out to the court that there is an *1187 absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La.Code Civ. P. art. 966(C)(2); Janney v. Pearce, 2009-2103, p. 5 (La.App. 1 Cir. 5/7/10), 40 So.3d 285, 288-289, writ denied, 2010-1356 (La.9/24/10), 45 So.3d 1078.
On appeal, Mrs. Holbrook argues that Mr, Holbrook’s will substantially conforms with the statutory formalities and that any ambiguity as to the omitted “day” is resolved by the date set forth on each page of the will and the affidavits of the notary and the witness. She maintains that the cases relied on by the trial court are distinguishable from this case and provide no support for the trial court’s ruling. Citing a third circuit decision, Succession of Songne, 94-1198 (La.App. 3 Cir. 11/2/95), 664 So.2d 556, writ denied, 95-2877 (La.2/2/96), 666 So.2d 1101, Mrs. Holbrook further asserts that because the date is set forth on each page of the will, the affidavits submitted in opposition to the motion for summary judgment are sufficient to resolve any ambiguity in the date. We are not persuaded by Mrs. Holbrook’s arguments.
|rA notarial testament is one that is executed in accordance with the formalities of Articles 1577 through 1580.1. La. Civ. Code art. 1576. Louisiana Civil Code article 1577 provides:
The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.
(2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: “In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this_ day of_,_”
Article 1577 provides that a notarial testament “shall” be executed in a certain manner. The word “shall” is mandatory. La. R.S. 1:3. When a law is clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. La. R.S. 1:4. Thus, in order to be valid as to form, (1) the testator must declare or signify in the presence of a notary and two witnesses that the instrument is his last will and testament; (2) the testator must sign his name at the end of the testament and on each separate page; and (3) the notary and two witnesses must sign a declaration in the presence of each other and the testator attesting that the formalities of Article 1577(1) have been followed. In re Siverd, 2008-2383, p. 4 (La.App. 1 Cir. 9/11/09), 24 So.3d 228, 230. The primary purpose of the statute authorizing this type of will is to afford a simplified means of making a testament whereby the authenticity of the act can be readily ascertained and fraudulent alteration of it will be most difficult. In re Succession of Richardson, 2005-0552, pp. 3-4 (La.App. 1 Cir. 3/24/06), 934 So.2d 749, 751, writ de *1188 nied, 2006-0896 (La.6/2/06), 929 So.2d 1265.
Moreover, although the intention of the testator as expressed in the testament must govern, the intent to make a testament, although clearly stated or proved, will be ineffectual unless the execution thereof complies with codal requirements. In re Hendricks, 2008-1914, p. 5 (La.App. 1 Cir. 9/23/09), 28 So.3d 1057, 1060, writ not considered, 2010-0480 (La.3/26/10), 29 So.3d 1256. A material deviation - from the manner of execution prescribed by the code will be fatal to the validity of the testament. Id. If the formalities prescribed for the execution of a testament are not observed, the testament is absolutely null. La. Civ.Code art. 1573.
The purpose of an attestation clause is to show the will was executed in conformity with the statute. Succession of Brown, 458 So.2d 140, 142-143 (La.App. 1 Cir.1984). The attestation clause set forth in Article 1577 requires the notary and witnesses to declare (1) the testator declared in the presence of the notary and witnesses that it (the instrument) was his will, (2) the testator signed the will at its end and on each separate page, and (3) in the presence of the testator and each other, they (the notary and witnesses) signed their names on a specified date. La. Civ. Code art. 1577(2).
In Succession of Holloway, 531 So.2d 431 (La.1988), the Louisiana Supreme Court held as follows with regard to the question of whether “the_day of February, 1984” qualified as a date:
Unless and until the Legislature says otherwise, we are unwilling to depart from our conclusion in Heffner [v. Heffner[ 1] 48 La.Ann. 1088, 20 So. 281 (1896),] that “the month, without the day, is no date.” If the month without the day were considered to be a date, then presumably the year without the month and day would also have to be considered a date, and thus a will would be considered dated if nothing more than the year of execution were recited. If such were the case, the statute’s requirement that the will must be dated would not be attributed its plain and ordinary meaning. We are unwilling to disregard an express statutory requirement in this fashion, and instead adhere to the sound reasoning of the Heffner decision.
Succession of Holloway, 531 So.2d at 433.
Much like the date in question in both the Succession of Holloway and Heff-ner cases, the date in the attestation clause in Mr. Holbrook’s will contained the 17month and the year, but not the day of the month. The attestation clause provided as follows:
IN OUR PRESENCE THE TESTATOR has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the TESTATOR and each other we have hereunto subscribed our names on this _ day of April, 2009, in Covington, Louisiana.
WITNESSES:
*1189 [signed ]
Vicki M. Wilson
[signed ]
Carolyn Garlick
[signed ]
PEGGY G. VALLEJO, Bar No. 26539
NOTARY PUBLIC
428 West 21st Avenue
Covington, LA 70433
My Commission Expires at Death
Although Mrs. Holbrook attempted to remedy this defect in the attestation clause by submitting affidavits stating that Mr. Holbrook executed his will before the notary and two witnesses on April 8, 2009, and that the “8” in the date of the attestation clause was inadvertently omitted, additional evidence on this issue is precluded. See In re Succession of Richardson, 2005-0552 at 4-5, 934 So.2d at 751-752 (failure of will to satisfy requirement, for valid notarial will, of containing attestation clause or clause of declaration signed by the witnesses and the notary, could not be cured by having the witnesses and the notary appear before the court and testify that they witnessed the signing, that the decedent had signed without fraud or duress, and that they signed the document in the presence of each other); Succession of English, 508 So.2d 631, 633 (La.App. 2 Cir.1987) (affidavit, which accompanied petition for probate of statutory will, could not cure total lack of attestation clause, even though affidavit stated compliance with requirements for attestation clause. Such an interpretation would render meaningless the mandatory requirements of the statute and do violence to the jurispruden-tially recognized purpose of the attestation clause.)
Moreover, we find Succession of Songne, the case cited by Mrs. Holbrook in support of her position on this issue, distinguishable from the facts in the instant case. In Succession of Songne, the will had a date on each page. However, on one page the year was “1991” and on another page it was dated “1992.” The third circuit noted: |s“The Louisiana Supreme Court has held that ‘if the will bears two different dates, it is not stricken with invalidity.’ Rather, extrinsic evidence may be introduced to prove which is the correct date.” Succession of Songne, 94-1198 at 2, 664 So.2d at 558 (citations omitted). Thus, the will in Succession of Songne is unlike Mr. Hol-brook’s will in which the attestation clause was not dated at all. Without a date in the attestation clause, the will fails to comply with the requirements of Article 1577.
We have thoroughly reviewed the evidence in the record and agree with the trial court’s conclusion that summary judgment was warranted in this case. Mrs. Holbrook’s arguments on appeal are without merit. Mrs. Holbrook failed to bear her burden of producing evidence that there were genuine issues of material fact remaining as to any of the issues relative to the validity of Mr. Holbrook’s will. Accordingly, summary judgment was appropriate.
As the trial court correctly observed, the attestation clause must be dated as provided in Article 1577. The trial court continued, finding that the will was invalid as it was non-compliant with the requirements of Article 1577. In light of the omission of the date in the attestation clause and the non-compliance with the formalities of Article 1577, we are unable to find legal error in the trial court’s determination that Mr. Holbrook’s will is invalid. Although we recognize that the result mandated herein may seem harsh, we are bound to follow the law applicable to and governing such instruments. As previously recognized by this court, if there is any area of our civil law in which the goal of certainty of result has particular significance, it is that of *1190 succession. In re Hendricks, 2008-1914 at 5, 28 So.3d at 1060 (citing J. Gaidry’s concurrence in In re Succession of Richardson, 2005-0552 at 1, 934 So.2d at 752). Accordingly, we affirm the April 25, 2012 judgment of the trial court, granting summary judgment in favor of Mrs. Carlucci and invalidating the last will and testament of James Jason Holbrook, Sr.
IsDECREE
For the above and foregoing reasons, we affirm the trial court’s April 25, 2012 judgment and assess all costs associated with this appeal against appellant, Llevonne H. Holbrook.
AFFIRMED.

. In Heffner, the Louisiana Supreme Court considered a case involving an olographic testament wherein the month and year of the execution were given, but not the day of the month. The court concluded that the inclusion of the day of the month was essential and that the will was invalid noting, "The mandate of the Code is positive, without, and purposely without, any qualification or exception. The will must be dated, and the month, without the day, is no date.” Heffner, 48 La.Ann, at 1090, 20 So. at 282.