303 So.2d 189 (1974)
Succession of Homer Charles HOYT, Sr.
No. 9934.
Court of Appeal of Louisiana, First Circuit.
October 14, 1974.
Velma P. O'Neal, Hammond, for appellant.
John D. Kopfler, Hammond, for appellees.
Before SARTAIN, ELLIS and De la HOUSSAYE, JJ.
ELLIS, Judge.
Homer Hoyt died, leaving a will, in statutory form, dated October 30, 1973. It was offered for probate herein by Mrs. Lily May Hoyt, his widow, who was named executrix therein. Probate of the will was opposed by Homer Charles Hoyt, Jr., Jewel Herbert Hoyt, Edward Joseph Hoyt and Carrie Lee Hoyt Rester, children of Homer Hoyt. The matter was presented for decision by motion for judgment on the pleadings, pursuant to which judgment was rendered declaring the will to be invalid, and dismissing the petition for probate thereof. From that judgment, Mrs. Lily May Hoyt has appealed.
The will presented for probate consists of two pages. The signatures of the testator, two witnesses and the notary public appear on the second page. The testator did not sign the first page.
R.S. 9:2442 provides, in part, as follows:
"In addition to the methods provided in the Louisiana Civil Code, a will shall be valid if in writing (whether typewritten, printed, mimeographed, or written in any other manner), and signed by the testator in the presence of a notary public and two witnesses in the following manner:
"(1) In the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will and shall sign his name on each separate sheet of the instrument......"
The testator failed to comply with the requirement that he sign his name on each separate sheet of the instrument. The purpose of the requirement is to prevent fraud by the substitution of one typewritten page for another after the execution of the will by the testator. The failure of the testator to sign each sheet is fatal to the validity of the will. Mrs. Hoyt's arguments to the contrary, which are based on foreign authority, are neither controlling nor persuasive. See Land v. Succession of Newsom, 193 So.2d 411 (La.App. 2 Cir. 1966).
The judgment appealed from is affirmed, at appellant's cost.
Affirmed.