512 So.2d 366 (1987)
SUCCESSION OF GUEZURAGA.
No. 87-C-0724.
Supreme Court of Louisiana.
September 9, 1987.
Rehearing Denied October 15, 1987.
Robert Fadaol, Gretna, for applicant.
Jackson McNeely, Garon, Brener & McNeely, New Orleans, for respondent.
CALOGERO, Justice.
The Louisiana Wills Act[1] requires that a testator "sign his name at the end of the will and on each separate page of the instrument." [2] The issue in this case is whether a statutory will is valid if the testatrix signs the page containing all dispositive portions and the beginning of the attestation clause, but fails to sign the page containing only the conclusion of the attestation clause.[3]
*367 The executrix filed a petition to probate the will. The trial judge ordered the will probated over the opposition of the testatrix's two adopted children. The Fourth Circuit Court of Appeal reversed, holding that "[t]he failure of the testator to sign each sheet is fatal to the validity of the will." Succession of Guezura (sic), 503 So.2d 187, 188 (La.App.1987). The succession representative applied for a writ of review, which this Court granted. 505 So.2d 50 (La.1987). For the reasons discussed below, we reverse.
Elenora Gregoratti Guezuraga executed the statutory will on March 17, 1978. She left the forced portion of her estate[4] to the two children adopted by her and her ex-husband. She left the disposable portion to her four sisters and appointed one of the sisters executrix. After Mrs. Guezuraga died in 1986, the executrix filed a petition for probate of the statutory will. The forced heirs' opposition was based solely on the testatrix's failure to sign the second page, which contained the conclusion of the attestation clause.[5] The trial judge ordered the will probated.
The court of appeal reversed, citing Succession of Hoyt, 303 So.2d 189 (La.App. 1st Cir.1974) and Land v. Succession of Newsom, 193 So.2d 411 (La.App. 2d Cir.1967), writ denied, 250 La. 262, 195 So.2d 145 (1967). Land involved a two page will signed only on the second page. The testator there did not sign the first page, containing some or all of the dispositive portions. The court of appeal in Land affirmed the trial court judgment declaring the will invalid, holding the "absence of the testatrix's signature on each page or sheet of the will [was] fatal." 193 So.2d at 414. Hoyt also involved a two page will signed only on the second page. The court of appeal affirmed the trial court judgment invalidating the will, reciting the purpose of the requirement that the testator sign his name on each separate sheet is "to prevent fraud by the substitution of one typewritten page for another after the execution of the will by the testator." 303 So.2d at 189. Both of these cases are distinguishable from the case at bar, where the testatrix signed (in fact twice) on the page containing all of the dispositive portions.
La.Rev.Stat.Ann. § 9:2442(B)(1) requires the testator to declare to the notary and witnesses that the "instrument" is his last "will" and to sign his name at the end of the "will" and on each separate page of the "instrument." A plausible conclusion, and one in keeping with the principles of liberality established by the jurisprudence discussed below, is that the Legislature intended *368 to and did use the terms "will" and "instrument" interchangeably, and the reference in each instance was only to the entirety of the testator's dispositions or recitations. Therefore, when the testatrix in this case signed the page containing all of the dispositive provisions, she fulfilled the statutory requirement to sign her name at the end of the "will" and on each separate page of the "instrument." This is our conclusion in this case, for the reasons recited below.
The only argument to the contrary is prompted by a strict reading of this statutory provision. Opponents argue that while "will" may refer only to the dispositive provisions, the "instrument" (as to which the testator must sign his name on each page) is the full document, including the attestation clause.
But we are not required to give the statutory will a strict interpretation. The Legislature adopted the statutory will from the common law in order to avoid the rigid formal requirements of the Louisiana Civil Code. "The minimal formal requirements of the statutory will are only designed to provide a simplified means for a testator to express his testamentary intent and to assure, through his signification and his signing in the presence of a notary and two witnesses, that the instrument was intended to be his last will." Succession of Porche v. Mouch, 288 So.2d 27, 30 (La. 1973). In accordance with this legislative intent, courts liberally construe and apply the statute, maintaining the validity of the will if at all possible, as long as it is in substantial compliance with the statute. Note, Louisiana's Statutory Will: The Role of Formal Requirements, 32 La.L.Rev. 452, 453 (1972). In deciding what constitutes substantial compliance, the courts look to the purpose of the formal requirementsto guard against fraud.
Where the departure from form has nothing whatsoever to do with fraud, ordinary common sense dictates that such departure should not produce nullity. It was the intent of the legislature to reduce form to the minimum necessary to prevent fraud. It is submitted that in keeping with this intent, slight departures from form should be viewed in the light of their probable cause. If they indicate an increased likelihood that fraud may have been perpetrated they would be considered substantial and thus a cause to nullify the will. If not, they should be disregarded. Thus testators and estate planners will have the security that the legislature intended to give them.
Casenote, DonationsImperfect Compliance with the Formal Requirements of the Statutory Will, 25 Loy.L.Rev. 362, 371 (1968-69).
Section 2442(B)(1) of Title 9 of the Revised Statutes speaks of the testator's conduct of signing "at the end of the will and on each separate page of the instrument," at a point in the statute where mention is yet to be made of the attestation formalities.[6] Only after the testator has signed, "the notary and the witnesses shall then sign" [emphasis provided] the attestation clause, according to subsection (B)(2). This sequential reading of subsections (B)(1) and (B)(2) establishes a chronology of anticipated events which lends support to the plausible interpretation that subsection (B)(1)'s references to "will" and "instrument" are *369 both references to the testator's disposition or testamentary recitationsthe testator signs each other separate page of the instrument when the "instrument," based on that chronology, does not yet have the attestation clause appended to it.
This interpretation is consistent with the Louisiana statute's lack of a requirement that the testator sign after the attestation clause. As originally enacted in 1952, section 2442 of Title 9 required that certain facts "be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will." This language created confusion as to whether the testator was required to sign after the attestation clause. In Succession of Porche v. Mouch, 288 So.2d 27 (La.1973), this Court held that it was "immaterial for any substantial purpose whether the testator's signature is placed before or after any formal attestation clause by the notary and two witnesses at the end of the will." Id. at 30.
In 1974, section 2442 was amended to require the facts "be evidence[d] by a declaration signed by the notary and both witnesses." "This amendment settle[d] the controversy as to whether the testator must sign at the end of the will or after the attestation clause." L. Oppenheim, Louisiana Civil Law Treatise: Successions and Donations, § 111 n. 115 (Supp.1979). It is now clear that the testator need not sign after the attestation clause. Johnson, Successions and Donations, 43 La.L.Rev. 585, 595 & n. 43 (1982).
The dispositive provisions of the testament are what primarily concern the testator, and as to which we require the testator's affirmance by a signature.... This is our assurance that the testament is an accurate reflection of the testator's wishes. So long as the signature is located beneath the dispositive provisions and affixed in time after they are written, we are permitted to infer the testator's approval. It makes absolutely no difference that the testator's signature is also beneath the attestation clause. The latter clause is of no particular concern to the testator, and indeed we are not interested in his assertion as to the procedure followed in confection of the testament. The attestation clause is for the witnesses and notaries to affirm what has taken place in their presence.... [B]arring other problems with a disposition, it is valid if it appears above the signature of the testator....
Id. at 595-96.
This interpretation is also consistent with the common law, from which Louisiana's statutory will was adopted.[7] "In most jurisdictions the attestation clause is not regarded as a part of the will, but rather as a certificate to the will; and, accordingly, the signature of the testator may either precede or follow such clause and yet be at the end of the will."[8] The testator does not have to sign again following the attestation clause.
We therefore hold that the testatrix's failure to sign the page containing only the conclusion of the attestation clause is not fatal to the validity of this statutory will. The will shall therefore be probated.

Decree
For the foregoing reasons, we reverse the judgment of the court of appeal and reinstate the judgment of the district court.
JUDGMENT OF COURT OF APPEAL REVERSED; JUDGMENT OF DISTRICT COURT REINSTATED.
WATSON, J., dissents.
ON APPLICATION FOR REHEARING
PER CURIAM
In our original opinion in this case we made reference to language in La. R.S. 9:2442 as it appears in the current version of the statute, amended by 1980 La. Acts, No. 744, § 1. The will in this case was executed in 1978 at a time when the prevailing statutory language was in fact to be found in La. R.S. 9:2442 as amended by 1976 La. Acts No. 333, § 1, effective July 30, 1976.
The pertinent differences are that Section A (1) of the applicable 1976 statute required that the testator "shall sign his name at the *370 end of the will and on each other separate sheet of the instrument", while the 1980 version, La. R.S. 9:2442 B (1), not applicable but mistakenly deemed so in our original opinion, requires that the testator "shall sign his name at the end of the will and on each other separate page of the instrument" (emphasis added). Furthermore, while the present statute in Section B (2) states that "the witnesses shall then sign the following declaration....", the statute in effect at the time of the signing of this will in 1978 merely read, at the outset of section A (2), "[t]he foregoing facts shall be evidenced by a declaration signed by the notary and both witnesses in the presence of the testator ...."
Neither difference in the language noted above reduces the force of the reasons given in the earlier majority opinion which prompted our conclusion that the testator is not required to sign again at the end of the attestation clause. There is little or no difference between "page" and "sheet". And our emphasis in the original opinion upon the statute's chronology of execution of the will and signing of the attestation clause is served just as well by the 1978 statute's commencing language, "the foregoing facts shall be evidenced by... [an attestation clause]..."
In light of the liberal construction given statutory wills, the placement of the requirement that the will be signed by the testator in an earlier section of the statute prior to any mention of an attestation clause, a similar anticipated chronology of events that envisions a signed will as a prerequisite to the making of an attestation clause, the lack of a specific requirement that the attestation clause be signed, and the fact that the statutory will was adopted from the common law which generally views the attestation clause as a certificate to a will and not part of the will itself, we reaffirm our prior holding that "the testratrix's failure to sign the page containing only the conclusion of the attestation clause is not fatal to the validity of this statutory will."
Accordingly, the application for rehearing is denied.
NOTES
[1] La.Rev.Stat.Ann. § 9:2442-2449 (West Supp. 1987).
[2] Id. § 2442(B)(1). Although the statutory will is derived from the common law, Succession of Porche v. Mouch, 288 So.2d 27, 28 (La.1973), Louisiana is apparently the only state that requires a signature on "each other separate page of the instrument." See 2 W. Bowe & D. Parker, Page on the Law of Wills § 19.10 & n.2 (1960 & Supp.1986).
[3] The will and attestation clause read as follows:

Last Will and Testament of
Elenora Gregoratti Guezuraga
March 17, 1978
Gretna, Louisiana
I, ELENORA GREGORATTI GUEZURAGA, a resident of Orleans Parish, Louisiana, declare this to be my Will, that I revoke all other Wills and Codicils that I may have made.
ARTICLE I.
I have been married but once....
ARTICLE II.
I bequeath....
ARTICLE III.
I name and appoint ROSE GREGORATTI, Executrix of my estate....
ARTICLE IV.
I appoint Robert F. Fadaol to be attorney....
I have signed this Will on the 17th day of March, 1978, as my free act, at Gretna, Jefferson Parish, Louisiana.
 /s/ Elenora Gregoratti Guezuraga
 ELENORA GREGORATTI GUEZURAGA
SWORN TO AND SUBSCRIBED Before me, this 17th day of March, 1978.
 /s/ Robert F. Fadaol
 ROBERT F. FADAOL, Notary Public
WITNESSES:
/s/ Pamela G. Chiasson
PAMELA G. CHIASSON
 400 20th Street, Gretna, Louisiana 70053
 Address
/s/ Kerry Estelle Terry
KERRY ESTELLE TERRY
513 N. Marlin Court, Gretna, Louisiana 70053
Address
We saw Elenora Gregoratti Guezuraga in our presence, sign this
/s/ Elenora Gregoratti Guezuraga
ELENORA GREGORATTI GUEZURAGA
Page 1 of 2
[editorial noteend of first page]
Last Will and Testament of
ELENORA GREGORATTI GUEZURAGA
March 17, 1978
Gretna, Louisiana
instrument at its end; she then declared it to be her Will and requested us to act as witnesses to it; we believed her to be of sound mind and memory and not under any duress or constraint of any kind, and then we, in her presence and in the presence of each other, signed our names as attested witnesses; all of which was done on the date of this instrument.
WITNESSES:
/s/ Pamela G. Chiasson
PAMELA G. CHIASSON
400 20th Street, Gretna, Louisiana 70053 Address
/s/ Kerry Estelle Terry KERRY ESTELLE TERRY
513 North Marlin Court, Gretna, Louisiana 70053
Address
SWORN TO AND SUBSCRIBED BEFORE
ME, this 17th day of March, 1978.
/s/ Robert F. Fadaol
ROBERT F. FADAOL, Notary Public
Page 2 of 2
[editorial noteend of second page]
[4] The detailed descriptive list filed in this succession proceeding listed assets of $165,901.51, reduced by debts and liabilities of $15,130.74, for a net estate of $150,770.77.
[5] The testatrix's signature after the dispositive portions satisfied the statute's requirement that a testator sign his name at the end of the will. Succession of Eck, 233 La. 764, 773, 98 So.2d 181, 184 (La.1957).
[6] LSA-R.S. 9:2442. Statutory will; form; witness

A. A statutory will may be executed under this Section only by a person who knows how to sign his name and knows how to and is physically able to read.
B. The statutory will shall be prepared in writing and shall be dated and executed in the following manner:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his last will and shall sign his name at the end of the will and on each separate page of the instrument.
(2) In the presence of the testator and each other, the notary and the witnesses shall then sign the following declaration, or one substantially similar: "The testator has signed this will at the end and on each other separate page, and has declared or signified in our presence that it is his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names this____day of____, 19____."
C. If the testator is unable to sign his name because of a physical infirmity,....
D. The statutory will authorized by this Section may not be executed in braille....
E. A competent witness....
[7] Porche v. Mouch, 288 So.2d at 30.
[8] 2 W. Howe & D. Parker, supra note 2, § 19.58.