640 So.2d 813 (1994)
SUCCESSION OF George Herbert SQUIRES.
No. 93-1589.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1994.
Writ Denied September 16, 1994.
Paul Albert Landry, Lafayette, for Maxine Squires Harris etc.
Priscilla Rickey Forest, Lafayette, for Thais Squires-Lay.
Before COOKS and DECUIR, JJ., and CULPEPPER,[*] J. Pro Tem.
WILLIAM A. CULPEPPER, Judge, Pro Tem.
The appellants, children of George Herbert Squires, brought this action to annul his probated testament for failure to conform to the requirements of a statutory will. The trial court upheld the validity of the will despite the failure of the testator to sign his name on *814 each page and the failure of the attestation to conform to LSA-R.S. 9:2442.

GENERAL FACTS
Having borrowed some pages from a law book owned by Gerald P. Begnaud, Jr., George Squires typed his own statutory will. In that will, Mr. Squires left $1000 to each of four of his daughters; Lorraine, Marcia, Donna and Maxine. To their children Mr. Squires left $500 each. To his remaining daughter, Thais Squires Lay, Mr. Squires left the remainder of his estate except for $50,000; $25,000 left to each of Mrs. Lay's two children.
The will was executed before a notary, Begnaud, and two witnesses in the proper form for an authentic act. However, instead of signing his name on all the pages in the three page statutory will, George Squires only initialed the first page at the bottom. Additionally, the attestation clause in Mr. Squires' will does not follow the language prescribed in LSA-R.S. 9:2442B.(2).
The attestation clause of Mr. Squires' will reads as follows:
"We hereby declare that GEORGE HERBERT SQUIRES signed the foregoing instrument in our presence and in the presence of each other, declaring to us that the foregoing instrument is his Last Will and Testament, and he requests us to sign the same as subscribing witnesses thereto which we now do in the presence of each other and of the Testator on this the 23rd day of September, 1990."
LSA-R.S. 9:2442 provides in pertinent part:
§ 2442. Statutory will; form; witnesses
A. A statutory will may be executed under this Section only by a person who knows how to sign his name and knows how to and is physically able to read.
B. The statutory will shall be prepared in writing and shall be dated and executed in the following manner:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his last will and shall sign his name at the end of the will and on each other separate page of the instrument.
(2) In the presence of the testator and each other, the notary and the witnesses shall then sign the following declaration, or one substantially similar: "The testator has signed this will at the end and on each other separate page, and has declared or signified in our presence that it is his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names this ___ day of ___, 19__."
Appellants argue first that the mere initialing of the first page does not satisfy the requirement of LSA-R.S. 9:2442 B.(1) that the testator "shall sign his name" at the end of the will and on each separate page. They contend the use of the word "shall" makes the requirement mandatory, and that mere initialing does not comply with the requirement to "sign his name." Appellants argue the purpose of signing the testator's name to each separate page is to prevent fraud by substitution of one page for another after the will has been signed at the end, citing Succession of Hoyt, 303 So.2d 189 (La.App. 1st Cir.1974) in which the will was annulled for lack of a signature on one page.
Next, appellants argue the attestation clause is deficient because it does not state that the testator signed his name or even his initials in the presence of the notary and the two witnesses.
In Succession of Guezuraga, 512 So.2d 366 (La.1987) the testatrix failed to sign her name on the last page, which contained only the last part of the attestation clause. In holding the statutory will valid, the court stated the rule as follows:
"But we are not required to give the statutory will a strict interpretation. The Legislature adopted the statutory will from the common law in order to avoid the rigid formal requirements of the Louisiana Civil Code. "The minimal formal requirements of the statutory will are only designed to provide a simplified means for a testator to express his testamentary intent and to assure, through his signification and his signing in the presence of a notary and two witnesses, that the instrument was intended to be his last will." Succession of Porche v. Mouch, 288 So.2d 27, 30 (La. 1973). In accordance with this legislative *815 intent, courts liberally construe and apply the statute, maintaining the validity of the will if at all possible, as long as it is in substantial compliance with the statute. Note, Louisiana's Statutory Will: The Role of Formal Requirements, 32 La.L.Rev. 452,
6. LSA-R.S. 9:2442. Statutory will; form; wit
A. A statutory will may be executed under this Section only by a person who knows how to sign his name and knows how to and is physically able to read.
B. The statutory will shall be prepared in writing and shall be dated and executed in the following manner:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his last will and shall sign his name at the end of the will and on each separate page of the instrument.
453 (1972). In deciding what constitutes substantial compliance, the courts look to the purpose of the formal requirements to guard against fraud.
Where the departure from form has nothing whatsoever to do with fraud, ordinary common sense dictates that such departure should not produce nullity. It was the intent of the legislature to reduce form to the minimum necessary to prevent fraud. It is submitted that in keeping with this intent, slight departures from form should be viewed in the light of their probable cause. If they indicate an increased likelihood that fraud may have been perpetrated they would be considered substantial and thus a cause to nullify the will. If not, they should be disregarded. Thus testators and estate planners will have the security that the legislature intended to give them.
Casenote, DonationsImperfect Compliance with the Formal Requirements of the Statutory Will, 25 Loy.L.Rev. 362, 371 (1968-69)."
In the present case, as in Guezuraga, there were no allegations of fraud. Moreover, here the testimony of the notary and one of the witnesses is that they saw the testator initial the first page and sign his name to the last two pages. There is no evidence to the contrary. Clearly the testator intended this to be his Last Will and Testament.
Counsel have not cited, nor do we find any case involving either of the two precise issues presented, i.e. (1) initials, instead of signing, or (2) failure of the attestation clause to state that the notary and witnesses saw the testator sign each page. However, under the rule quoted above from Guezuraga, we find these are minor departures from and have nothing to do with any attempted fraud. Common sense dictates that they should not nullify the clear intent of the testator.

DISPOSITION
For the reasons assigned, the judgment appealed is affirmed at the cost of appellants.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.