664 So.2d 853 (1995)
SUCCESSIONS OF Charles EDDY and Frances Lee Tison Eddy.
No. 95-730.
Court of Appeal of Louisiana, Third Circuit.
December 6, 1995.
*854 W. Bernard Kramer, for Mary Beth Marler.
Richard Tison, pro se.
Before YELVERTON and SULLIVAN, JJ., and KNIGHT [*], J. Pro Tem.
YELVERTON, Judge.
The trial court invalidated the testament of Frances Lee Tison Eddy because it was not signed on the first page containing all of the dispositive provisions. Mary Beth Marler, the executrix named in the will, appealed. We affirm.
Frances Lee Tison Eddy died in Grant Parish on January 14, 1994. A will dated February 23, 1993, was presented for probate by the named executrix. The will was ordered filed and executed. On May 18, 1994, Richard Tison, nephew of the deceased, filed a petition to annul the probated will, alleging that it did not meet the formal requirements of La.R.S. 9:2442 for a statutory will. Tison alleged that the deceased had left an earlier will dated January 4, 1993, which should be probated. The two wills differed in the naming of the executor and in the dispositive provisions.
The purported will under attack was prepared on an "E-Z Legal Form" which was apparently bought from a store. It consisted of a single piece of paper with printing on the back and front. There were spaces on the front for naming the "personal representative" and the "guardian," and about half the front page was reserved for listing the "bequests." The attestation clause and places for all of the signatures were on the back.
The will was declared invalid by the trial judge on the sole ground that the front side of the single sheet did not bear the signature of the testatrix. La.R.S. 9:2442(B)(1) requires that the testator "sign his name at the end of the will and on each separate page of the instrument." The deceased signed it on the back, but not on the front. The front contained all the dispositions; the back contained only the deceased's signature and the attestation clause.
In 1980, the statute was amended to require that the testator sign "on each other separate page of the instrument." Before this amendment, it had required that the testator sign "on each other separate sheet of the instrument." The legislative history is silent as to the reason for change from page to sheet.
In deciding what constitutes a "page," the trial judge in our case decided that each side of the purported will constituted a separate page. He relied on the case of Land v. Succession of Newsom, 193 So.2d 411 (La. App. 2 Cir.1966), writ denied, 195 So.2d 145 (La.1967). We agree with this definition.
On appeal the executrix makes the argument that La.R.S. 9:2442 does not require a *855 signature on each "page" of a will, but rather requires a signature on each "separate page" of a will. She cites Succession of Hoyt, 303 So.2d 189 (La.App. 1 Cir.1974) to show the importance of such a distinction.
Hoyt involved a two-page will signed only on the second page. The court of appeal affirmed the trial court judgment invalidating the will, reciting that the purpose of the requirement that the testator sign his name on each separate sheet is "to prevent fraud by the substitution of one typewritten page for another after the execution of the will by the testator." Id. at 189. Thus, the appellant contends that the danger the rule is designed to preventthe substitution of another piece of paperis not present in this case.
We cannot agree that a single sheet of paper with parts of the will on both sides eliminates the danger. A primary purpose of our statute authorizing the statutory will is to afford another and simplified means of making a testament whereby the authenticity of the act can be readily ascertained and fraudulent alteration of it will be most difficult. Succession of Morgan, 242 So.2d 551 (La.1970). In our present case, the entire will is contained on the front and back of a single piece of paper. Although it may be impossible to substitute one side of the paper for another as the appellant urges, it is entirely possible that the name of the executrix and the dispositive provisions could have been typed in on the front, or additional provisions added, after her signature was placed on the back side. Thus, the appellant's argument is without merit.
A liberal construction of the statutory will law requires us to maintain the validity of a will as long as it is in substantial compliance with the statute. Succession of Guezuraga, 512 So.2d 366 (La.1987). In deciding what constitutes substantial compliance, we must look to the purpose of the formal requirementsto guard against fraud. Id. To assure us that the testament is an accurate reflection of the testatrix' wishes, of paramount importance is her affirmance by a signature beneath the dispositive provisions of her testament, for the dispositive provisions are what primarily concern her. Id. Guezuraga involved a two-page will where all of the dispositive provisions were contained on the first page but not the second. The testator signed on the first page but not on the second. The testator signed the dispositive provisions of the will. The supreme court held that there was substantial compliance with the required formality of signing at the end of the will and on each separate page of the instrument.
In the present case, the purported will is prepared on a single piece of paper with the front and back each constituting a separate page. The testatrix failed to sign "each other separate page of the will" as required by La.R.S. 9:2442. However, we do not find the will invalid for only that reason. The statute also requires that the testator "shall sign his name at the end of the will" which, according to Guezuraga, is the place where the testamentary dispositions and the naming of the executor terminate. Here, all of the dispositions and the naming of the executor appear on the front page, and the testatrix did not sign the front page at all. She only signed the back page which contained only the attestation clause. We therefore hold that the testatrix's failure to sign her name at the "end of the will" was fatal to the validity of this statutory will.
The judgment of the trial court is affirmed. All costs of these proceedings are to be borne by the executrix, Mary Beth Marler.
AFFIRMED.
NOTES
[*] Honorable William N. Knight participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.