11JONES, Judge.
Executrix, Jevon Hogan Williams and her brother, Kavin Hogan, who are the grandchildren and forced heirs of decedent, Ollie
Reed Hogan, appeal the trial court’s judgment denying their petition to annul a probated testament.
Mrs. Ollie Hogan executed a statutory will dated March 30,1993, prepared by her attorney Keith Doley. On April 6, 1993, she executed a second will, identical to the first except for a legacy to Brenda Claverie, the secretary of her attorney Keith Doley.
Upon Mrs. Hogan’s death, her granddaughter, Jevon Hogan Williams, named executrix by both testaments, petitioned the court to probate the April 6, 1993 testament with Attorney Doley acting as attorney for the succession. After the testament was probated Attorney Doley withdrew as attorney for the succession due to a conflict of interest regarding the bequest to Brenda Claverie, his former secretary. After securing new counsel for the succession, a Petition to Annul Probated Testament was filed by the executrix and her brother, Kavin Hogan. Brenda Claverie filed two exceptions to this Petition to Annul relative to: 1) ^petitioners’ failure to join indispensable parties and 2) petitioners’ improper cumulation of summary and ordinary proceedings. A consent judgment issued and the other legatees were named as petitioners to annul and the court scheduled the nullity action to be tried summarily, reserving issues of undue influence and capacity to be tried through ordinary proceedings.
At the hearing on the petition to annul, testimony was heard from Attorney Keith Doley, notary on both testaments; Peter Hamilton, attesting witness on the April 6, 1993 testament; and Suzan Jackson, attesting witness on both testaments. The trial court rendered judgment with reasons declining to declare the will null and void; finding that the April 6, 1993 date of the testament had been established by the evidence, but stated that petitioners may be able to establish undue influence or lack of capacity in subsequent proceedings. From this judgment the grandchildren and forced heirs of decedent have appealed. The other legatees, Berniece Reed Wilson and Lawrence Wilson, have not joined in this appeal.
*685 By appellants’ first assignment of error, they argue that the trial court erred in refusing to declare the testament null and void because it bears two different dates. Appellants rely on La.R.S. 9:2442 to support their position that nonconformity with the requirements of a statutory will render it null and void.
La.R.S. 9:2442 provides in pertinent part: B. The statutory will shall be prepared in writing and shall be dated and executed in the following manner:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his last will and shall sign his name at the end of the will and on each other separate page of the instrument.
(2) In the presence of the testator and each other, the notary and the witnesses shall then sign the following declaration, or one substantially similar: “The testator has signed this will at the end and on each other separate page, and has declared or signified in our presence that it is his last will and testament, and in the presence of the | stestator and each other we have hereunto subscribed our names this_day of _, 19_.”
Specifically, the will dated April 6, 1993 does not conform with the statute in that the clause which appears at the end of the dis-positive portions of the will bears the date of March 80, 1993. This is the date that decedent’s previous will was executed. The April 6, 1993 date appears both at the beginning and end of the will. Appellants contend that because the statute specifies that execution of the will take place on a single date, the April 6, 1993 will fails to conform with the statutory requirements.
The history of statutory wills was discussed in Succession of Guezuraga, 512 So.2d 366 (La.1987) relative to a will in which a testatrix failed to sign her name on the last page, which contained only the last part of the attestation clause. Citing Porche v. Mouch, 288 So.2d 27, 30 (La.1973), the Court wrote:
“The minimal formal requirements of the statutory will are only designed to provide a simplified means for a testator to express his testamentary intent and to assure, through signification and his signing in the presence of a notary and two witnesses, that the instrument was intended to be his last will.” In accordance with this legislative intent, courts liberally construe and apply the statute, maintaining the validity of the will if at all possible, as long as it is in substantial compliance with the statute. [Citations omitted.]
The Court in Guezuraga went on to quote Casenote, “Donations — Imperfect Compliance with the Formal Requirements of the Statutory Will”, 25 Loy.L.Rev. 362, 371 (1968-69):
Where the departure from form has nothing whatsoever to do with fraud, ordinary common sense dictates that such departure should not produce nullity. It was the intent of the legislature to reduce form to the minimum necessary to prevent fraud. It is submitted that in keeping with this intent, slight departures from form should be viewed in the light of their probable cause. If they indicate an increased likelihood that fraud may have been perpetrated they would be considered substantial and thus a cause to nullify the will. If not, they should be disregarded. Thus testators and estate planners will |4have the security that the legislature intended to give them. [Citations omitted.]
See also: Succession of Squires, 640 So.2d 813, 814-15 (La.App. 3d Cir.1994) writ denied 94-1660 (La. 9/16/94) 642 So.2d 199; Succession of Daigle, 601 So.2d 10, 12-13 (La.App. 3d Cir.1992); Succession of Lar-more, 518 So.2d 1085, 1088 (La.App. 1st Cir. 1987). Where extrinsic evidence established the date of the will the trial court was not manifestly erroneous in upholding it as decedent’s last will and testament. We find that appellants’ first assignment of error lacks merit.
By appellants’ second assignment of error, they argue that the trial court erred in probating the testament where the affidavit of the notary and attesting witness misquotes the testament. Appellants’ submit that because the parties who swore to this nonexistent language were the same witnesses who *686 testified to the date on the will, their credibility stands impeached. Therefore, the trial court erred in upholding the will where the testimony of these witnesses was not credible.
At the hearing on the Petition to Annul, counsel for appellants questioned these witnesses as to their affidavits. The trial court had an opportunity to regard their demeanor and response and evidently concluded that the language was misquoted, not that the witnesses were perpetrating a fraud on the court. We find no abuse of discretion on the part of the trial court.
By their third assignment of error, appellants argue that the trial court erred in declining to find the will null and void where the contested legacy is in violation of the Louisiana Rules of Professional Conduct. Because this assignment of error was not raised in the trial court it is not properly before us on appeal. Moreover, because the trial court will be hearing appellants’ arguments on undue influence and capacity, appellants are not precluded from reurging this issue at that time.
IsFor the foregoing reasons, the trial court’s judgment is affirmed.

AFFIRMED.