764 So.2d 102 (2000)
SUCCESSION OF Claude W. SLAY.
Edna L. Jameson, et al.
v.
Clydie Nugent, et al.
No. 99-1753.
Court of Appeal of Louisiana, Third Circuit.
May 17, 2000.
Rehearing Denied July 26, 2000.
*103 Richard E. Lee, Pineville, Louisiana, Jay Luneau, Alexandria, Louisiana, Counsel for Plaintiffs in Rule/Appellees.
Shelby E. Bohannon, Alexandria, Louisiana, Counsel for Defendants in Rule/Appellants.
(Court composed of Judge HENRY L. YELVERTON, Judge BILLIE COLOMBARO WOODARD, and Judge GLENN B. GREMILLION).
GREMILLION, Judge.
In this case, the proponents of a statutory will challenge the trial court's ruling declaring the will a nullity. For the following reasons, we affirm.

FACTS
On January 11, 1998, Claude W. Slay executed a document purporting to be his last will and testament. The notary, Doris R. Price, handwrote the document on letter size paper with the following appearing on the front:
 1-11-98
 Claude Slay, being of sound mind & do
 hereby declare this to be my last will &
 testament(sic) upon my death
 I am leaving the Home place known
 as E.R. Slay Home Place to:
 Clydie Nugent and Clois Slay.
 86 acres More or less will be left to:
 Charles F. Nugent
 Trois Douglas Nugent
 Robert Slay
 Kenneth Slay
 Edwin Ray Belgard
 /s/ Claude W. Slay
 Signed and witnessed before me on this
 day 11 of January, 1998
 /s/ Doris R Price
On the back of the page appeared:
 Witnesses /s/ Roy L. Slay
 /s/ Ray Belgard
 /s/ Kathleen Belgard
Claude died on January 15, 1999, and on March 16, 1999, the trial court ordered his will probated. However, on June 10, 1999, some of his relatives, including his sister, Edna Lee Slay Jameson, and two of his nieces, issue of his pre-deceased brother, Wesley Slay, filed a petition to annul the will. The petition alleged that the testament was invalid because it was not in any form permitted under the laws of the state of Louisiana. Following a hearing, in which the witnesses and notary public that signed the will testified, the trial court ruled that the will did not comply with the statutory requirements of La.R.S. 9:2442. Specifically, the trial court based its ruling on the lack of an attestation clause in the will as required by Subsection "B" of that statute. It is from this ruling that the proponents of the will appeal.

LAW
At issue are the requirements of La.R.S. 9:2442, which provides:
A. A statutory will may be executed under this Section only by a person who knows how to sign his name and knows how to and is physically able to read.
B. The statutory will shall be prepared in writing and shall be dated and executed in the following manner:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his last will and shall sign his name at the end of the will and on each other separate page of the instrument.
(2) In the presence of the testator and each other, the notary and the witnesses shall then sign the following declaration, or one substantially similar: "The testator has signed this will at the end and on each other separate page, and has declared or signified in our presence that it is his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names this ___ day of _____, 19___."
*104 La.Civ.Code art. 1573 states, "The formalities prescribed for the execution of a testament must be observed or the testament is absolutely null."
The question we must resolve is whether the phrase, "Signed and witnessed before me on this day 11 of January, 1998," is substantially similar to the attestation clause set forth in La.R.S. 9:2442(B)(2). The statute requires certain formalities in the execution of a statutory will. Initially, when executing his will, the testator must declare or signify in the presence of the notary and the two witnesses that the instrument he is about to sign is his last will. The testator is then required to sign his name at the end of the will and on each other separate page of the instrument. It is interesting to note that the statute does not require that the will be read in the presence of the notary and witnesses, but only that the testator declare or signify to the notary and witnesses that the document which he is signing is his last will and testament.
There is another formal requirement set forth in the statute. The witnesses and notary public must, in the presence of each other and the testator, sign an attestation clause like the one which is set forth in the statute or an attestation clause that is substantially similar to that set forth in the statute. We do not find that the purported attestation clause in Claude's will is substantially similar to the attestation clause set forth in La.R.S. 9:2442. In fact, the purported attestation clause at issue is tantamount to no attestation clause at all. There is no indication that Claude declared or signified at any time to the notary or the witnesses that the instrument he was signing was his last will and testament. Further, there is no indication that the notary or the witnesses signed the instrument in the presence of each other.
In Succession of English, 508 So.2d 631 (La.App. 2 Cir.1987), the court declared invalid a will which contained no formal attestation clause, but an affidavit which purported to cover the statutory requirements. It held that this deficiency, along with the failure of the dispositive provision to prove that the statutory formalities had been complied with at the time of the instrument's confection, established no basis for construing the document to be in substantial compliance with La.R.S. 9:2442. The affidavit did not cure the total lack of an attestation clause. The court stated that "[s]uch an interpretation would render meaningless the mandatory requirements of the statute and do violence to the jurisprudentially recognized purpose of the attestation clause." Id. at 633. In the case at hand, there is a virtual lack of an attestation clause, which if validated, would also "render meaningless the mandatory requirements of the statute." Id.
For their part, the proponents of the will argue that the attestation clause substantially complies with La.R.S. 9:2442 because there was an absence of any showing of fraud, citing Succession of Guezuraga, 512 So.2d 366 (La.1987). At issue in Guezuraga was the validity of a statutory will where the testatrix signed at the end of the page containing the dispositive portions of the will and in the middle of the attestation clause, but failed to sign the page containing the conclusion of the attestation clause. The supreme court held that the testatrix fulfilled the statutory requirement of signing her name at the end of the will and on each separate page of the instrument when she signed the page containing the dispositive provisions. In so holding, the supreme court held, "we are not required to give the statutory will a strict interpretation." Id. at 368. Quoting Succession of Porche, 288 So.2d 27, 30 (La.1973), the supreme court stated:
The minimal formal requirements of the statutory will are only designed to provide a simplified means for a testator to express his testamentary intent and to assure, through his signification and his signing in the presence of a notary and two witnesses, that the instrument was intended to be his last will.
Id.
The substantial compliance in Guezuraga was that the will was signed by the *105 testatrix at the conclusion of the dispositive portion of the will and in the middle of the attestation clause. At the conclusion of the attestation clause, two witnesses and a notary public subscribed their names as required by La.R.S. 9:2442. We note that the attestation clause in Guezuraga, while not exactly like the attestation clause set forth in La.R.S. 9:2442, substantially complied with it and was not at issue in the case.[1]
We find that the proponent's reliance on Guezuraga is misplaced. Clearly, it is the intent of the legislature, as interpreted by our supreme court, that the testator express his testamentary intent by signifying and signing, in the presence of a notary and two witnesses, the instrument he intends to be his last will and testament; that the notary and witnesses execute an attestation clause indicating that occurred in their presence; and the notary and witnesses indicate that they signed the attestation clause in the presence of each other. Those are the minimum formal requirements of a statutory will.
An example of the type of deviation which will be allowed in an attestation clause can also be found in Succession of Bilyeu, 28,701 (La.App. 2 Cir. 9/25/96); 681 So.2d 56, writ denied, 96-2868 (La.1/24/97); 686 So.2d 862. In Bilyeu, the attestation clause incorrectly referred to the male testator as "she" and "her." After quoting Succession of Porche, for the proposition that the primary purpose of the attestation clause is merely to certify that the formalities of a statutory will are satisfied at the time of execution of the testament, the appellate court stated:
Thus, when the instrument shows that the formalities have been satisfied, technical deviations in the attestation clause should not defeat the dispositive portions of an otherwise valid will. Id. Instead, slight departures in form should be viewed in light of their probable cause. If there exists an indication of the increased likelihood of fraud, the variations would be considered substantial and thus a cause to nullify a will. If not, they should be disregarded. Succession of Guezuraga, 512 So.2d 366 (La. 1987). See also Succession of Hogan, 95-1409 (La.App. 4th Cir.12/28/95), 666 So.2d 684; Succession of Squires, 93-1589 (La.App. 3rd Cir.06/01/94), 640 So.2d 813.
Certainly, the inclusion of the words she and her in one portion of the attestation clause amounts to nothing more than a typographical error, failing to suggest any likelihood of fraud. We thus find no error in the trial court determination that the formal requirements of La. R.S. 9:2442 had been satisfied.
Id. at 59.
Regardless of the lack of proof of fraud, La.R.S. 9:2442 requires at least the minimum formalities set forth therein. We are supported in our findings by the supreme court decision in Succession of Roussel, 373 So.2d 155, 157-58 (La.1979),[2] where it was held that:
A material deviation from the manner of execution prescribed by statute will be fatal to the validity of the will. The fact that there is no fraud, or even a suggestion or intimation of it, will not *106 justify the courts in departing from the statutory requirements, even to bring about justice in the particular instance, since any material relaxation of the statutory or codal rule will open up a fruitful field for fraud, substitution, and imposition.
The purpose of the statutes in prescribing formalities for the execution of wills is to guard against and prevent mistake, imposition, undue influence, fraud, or deception, to afford means of determining their authenticity, and to prevent the substitution of some other writing.
Since we find that this was a material deviation from the requirements of La.R.S. 9:2442, rather than substantial compliance in the execution of this will, we affirm the trial court's holding, finding that the will is invalid for lack of an attestation clause.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the defendants in rule-appellants, Clydie Nugent, Clois Slay, Charles F. Nugent, Trois Douglas Nugent, Robert Slay, Kenneth Slay, and Edwin Ray Belgard.
AFFIRMED.
WOODARD, J., dissents and assigns written reasons.
WOODARD, J., dissenting.
I respectfully dissent from the majority's opinion.
There is no question that the testator's form does not strictly comply with La.R.S. 9:2442; however, our jurisprudence does not require strict complianceonly substantial compliance.[1] In fact, the supreme court has fashioned a strong public policy which overrides a strict compliance requirement. That policy commands courts to sustain the validity of a will and give effect to the testator's wishes whenever possible.[2] In furtherance of that policy, there is a presumption in favor of the validity of the testament, and evidence must be exceptionally compelling to rebut that presumption.[3]
The majority bases its decision to invalidate Mr. Slay's testament, in the instant case, solely on the attestation clause issue.
Succession of Guezuraga,[4] a 1987 supreme court case, controls in the case sub judice. There, the supreme court instructed us that:

The dispositive provisions of the testament are what primarily concern the testator, and as to which we require the testator's affirmance by a signature.... This is our assurance that the testament is an accurate reflection of the testator's wishes. So long as the signature is located beneath the dispositive provisions and affixed in time after they are written, we are permitted to infer the testator's approval. It makes absolutely no difference that the testator's signature is also beneath the attestation clause. The latter clause is of no particular concern to the testator, and indeed we are not interested in his assertion as to the procedure followed in confection of the testament. The attestation clause is for the witnesses and notary to affirm what has taken place in their presence ... [the disposition] is valid if it appears above the signature of the testator.

(Emphasis added.)
The court also noted that the attestation clause is merely "a certificate to a will and *107 not part of the will itself."[5] Specifically, the clause certifies the procedure of the execution of the will. The most important facts to learn from the execution procedure of a will is whether the testator intended this document to be his last will and testament, whether he was of sound mind, and whether he signed it and on what date.
Thus, it appears that our supreme court is willing to provide a testator with considerable latitude concerning the technicalities of La.R.S. 9:2442's formalities, especially relating to the attestation clause, and that it is the dispositive portion which is critical. In other words, the Guezuraga court seems to be saying, "We just want to be able `to get' from the document that it is authentic and that it reflects the testator's true discernible wishesthat it is not a product of fraud or ill practices."
In the instant case, even though Mr. Slay's disposition is clear and he signed immediately after it, to determine validity, the majority places all the emphasis on technical requirements of the attestation clause. It is true that Mr. Slay's notary did not include a separate attestation clause, as provided by La.R.S. 9:2442; however, a reading of Mr. Slays' testament, as a whole, reveals that all of that same required information is present in his will, which should equate with substantial compliance. Namely, he made his declaration of last will and testament at the beginning of the will before his dispositions; the notary attests that the testator and witnesses signed in her presence on the same day. Although the witnesses did not make a similar declaration in words, this is a relatively minor detail, which can be inferred from their having signed the document immediately after all of the above information was provided in the testament. The supreme court in Guezuraga made a similar inference from the Guezuraga testament. In doing so, it stated:
So long as the signature is located beneath the dispositive provisions and affixed in time after they are written, we are permitted to infer the testator's approval.[6]
(Emphasis added.) Surely, if the supreme court deems it appropriate to infer the testator's approval for the most important part of the will, it stands to reason that we can, likewise, infer the witnesses' affirmance, on a much less important and procedurally technical part of the document when there is no hint of fraud.
Furthermore, the majority relies on out-of-date jurisprudenceSuccession of Roussel[7]to support its findings. It states:
Regardless of the lack of proof of fraud, La.R.S. 9:2442 requires at least the minimum formalities set forth therein. We are supported in our findings by the supreme court decision in Succession of Roussel, 373 So.2d 155 (La.1979), where it was held that:
A material deviation from the manner of execution prescribed by statute will be fatal to the validity of the will. The fact that there is no fraud, or even a suggestion or intimation of it, will not justify the courts in departing from the statutory requirements, even to bring about justice in the particular instance, since any material relaxation of the statutory or codal rule will open up a fruitful field for fraud, substitution, and imposition.
(Footnote omitted.)
These notions are in direct contravention of the "substantial compliance" principles declared in Guezuraga, which was decided eight years after Roussel. Thus, the majority's reliance is misplaced, as Guezuraga, not Roussel, controls in the case sub judice.
These procedural formalities are intended to be safeguards against fraud because *108 fraud would efface the testator's true wishes regarding the disposition of his property at his death. In this case, everyone signed in each other's presence on the same day. There is no fraud. There is no allegation of fraud. There is no basis for an allegation of fraud. There is nothing that even gives rise to so much as a suspicion of wrong doing. Simply, Mr. Slay relied on the notary to format his will. His testament is unquestionably authentic, intended to be his last will and testament, and clear as to when it was executed and how he wishes to have his property distributed. To nullify Mr. Slay's will based purely on technicalities of procedure, in defiance of the purpose for those procedures and common sense, accomplishes the same effect as fraud would haveit vitiates his right to give his own property to whom and how he wishes.
As the deviations from the statute have nothing to do with any attempted fraud, ill practices, or even overreaching, I submit that Mr. Slay's will has substantially complied with all of the requirements for a valid will and that his wishes should be honored.
NOTES
[1] The attestation clause in Guezuraga read as follows:

We saw Elenora Gregoratti Guezuraga in our presence, sign this (at this point Ms. Guezuraga signed her name and the attestation clause continued on the second page) instrument at its end; she then declared it to be her Will and requested us to act as witnesses to it; we believed her to be of sound mind and memory and not under any duress or constraint of any kind, and then we, in her presence and in the presence of each other, signed our names as attested witnesses; all of which was done on the date of this instrument.
[2] In Roussel, a nuncupative will by private act was witnessed by six individuals; four were residents of the parish and two witnesses resided across the parish line within the twinparish city where testator lived. The statute required attestation by five residents.
[1] Succession of Guezuraga, 512 So.2d 366 (La.1987).
[2] Succession of Boyd, 306 So.2d 687 (La. 1975).
[3] Succession of Staggers, 254 So.2d 289 (La. App. 4 Cir.1971).
[4] Guezuraga, 512 So.2d at 369.
[5] Id. at 369.
[6] Id. at 369.
[7] 373 So.2d 155 (La.1979).