| j WOODARD, J.,
dissenting.
I respectfully dissent from the majority’s opinion.
There is no question that the testator’s form does not strictly comply with La.R.S. 9:2442; however, our jurisprudence does not require strict compliance — only substantial compliance.[1] In fact, the supreme court has fashioned a strong public policy which overrides a strict compliance requirement. That policy commands courts to sustain the validity of a will and give effect to the testator’s wishes whenever possible[2] In furtherance of that policy, there is a presumption in favor of the validity of the testament, and evidence must be exceptionally compelling to rebut that presumption.[3]
|2The majority bases its decision to invalidate Mr. Slay’s testament, in the instant case, solely on the attestation clause issue.
Succession of Guezuraga,[4] a 1987 supreme court case, controls in the case sub judice. There, the supreme court instructed us that:
The dispositive provisions of the testament are what primarily concern the testator, and as to which we require the testator’s affirmance by a signature .... This is our assurance that the testament is an accurate reflection of the testator’s wishes. So long as the signature is located beneath the dispositive provisions and affixed in time after they are written, we are permitted to infer the testator’s approval. It makes absolutely no difference that the testator’s signature is also beneath the attestation clause. The latter clause is of no particular concern to the testator, and indeed we are not interested in his assertion as to the procedure followed in confection of the testament. The attestation clause is for the witnesses and notary to affirm what has taken place in their presence ... [the disposition] is valid if it appears above the signature of the testator.
(Emphasis added.)
The court also noted that the attestation clause is merely “a certificate to a will and *107 not part of the will itself.”[5] Specifically, the clause certifies the procedure of the execution of the will. The most important facts to learn from the execution procedure of a will is whether the testator intended this document to be his last will and testament, whether he was of sound mind, and whether he signed it and on what date.
Thus, it appears that our supreme court is willing to provide a testator with considerable latitude concerning the technicalities of La.R.S. 9:2442’s formalities, especially relating to the attestation clause, and that it is the dispositive portion which is critical. In other words, the Guezuraga court seems to be saying, “We just want to be able ‘to get’ from the document that it is authentic and that it reflects the testator’s true discernible wishes — that it is not a product of fraud or ill practices.”
In the instant case, even though Mr. Slay’s disposition is clear and he signed immediately after it, to determine validity, the majority places all the emphasis on technical requirements of the attestation clause. It is true that Mr. Slay’s notary did |3not include a separate attestation clause, as provided by La.R.S. 9:2442; however, a reading of Mr. Slays’ testament, as a whole, reveals that all of that same required information is present in his will, which should equate with substantial compliance. Namely, he made his declaration of last will and testament at the beginning of the will before his dispositions; the notary attests that the testator and witnesses signed in her presence on the same day. Although the witnesses did not make a similar declaration in words, this is a relatively minor detail, which can be inferred from their having signed the document immediately after all of the above information was provided in the testament. The supreme court in Guezuraga made a similar inference from the Guezuraga testament. In doing so, it stated:
So long as the signature is located beneath the dispositive provisions and affixed in time after they are written, we are permitted to infer the testator’s approval.[6]
(Emphasis added.) Surely, if the supreme court deems it appropriate to infer the testator’s approval for the most important part of the will, it stands to reason that we can, likewise, infer the witnesses’ affir-mance, on a much less important and pro-' eedurally technical part of the document when there is no hint of fraud.
Furthermore, the majority relies on out-of-date jurisprudence — Succession of Roussel[7] — to support its findings. It states:
Regardless of the lack of proof of fraud, La.R.S. 9:2442 requires at least the minimum formalities set forth therein. We are supported in our findings by the supreme court decision in Succession of Roussel, 373 So.2d 155 (La.1979), where it was held that:
A material deviation from the manner of execution prescribed by statute will be fatal to the validity of the will. The fact that there is no fraud, or even a suggestion or intimation of it, will not justify the courts in departing from the statutory requirements, even to bring about justice in the particular instance, since any material relaxation of the | ¿statutory or codal rule will open up a fruitful field for fraud, substitution, and imposition.
(Footnote omitted.)
These notions are in direct contravention of the “substantial compliance” principles declared in Guezuraga, which was decided eight years after Roussel. Thus, the majority’s reliance is misplaced, as Guezuraga, not Roussel, controls in the case sub judice.
These procedural formalities are intended to be safeguards against fraud because *108 fraud would efface the testator’s true wishes regarding the disposition of his property at his death. In this case, everyone signed in each other’s presence on the same day. There is no fraud. There is no allegation of fraud. There is no basis for an allegation of fraud. There is nothing that even gives rise to so much as a suspicion of wrong doing. Simply, Mr. Slay relied on the notary to format his will. His testament is unquestionably authentic, intended to be his last will and testament, and clear as to when it was executed and how he wishes to have his property distributed. To nullify Mr. Slay’s will based purely on technicalities of procedure, in defiance of the purpose for those procedures and common sense, accomplishes the same effect as fraud would have — it vitiates his right to give his own property to whom and how he wishes.
As the deviations from the statute have nothing to do with any attempted fraud, ill practices, or even overreaching, I submit that Mr. Slay’s will has substantially complied with all of the requirements for a valid will and that his wishes should be honored.

. Succession of Guezuraga, 512 So.2d 366 (La.1987).

. Succession of Boyd, 306 So.2d 687 (La.1975).

. Succession of Staggers, 254 So.2d 289 (La.App. 4 Cir.1971).

. Guezuraga, 512 So.2d at 369.

. Id. at 369.

. Id. at 369.

. 373 So.2d 155 (La.1979).