McCLENDON, J.,
agrees in part, dissents in part, and assigns reasons.
h The trial court specifically found the testament of Mr. Hendricks dated July 31, 2006, to be null and void ab initio. I agree with the majority in affirming the trial court in this respect. However, the majority also agrees with the trial court’s conclusion that the document executed by Gerald Hendricks in 2006, although not a valid testament, constituted an authentic act revoking Mr. Hendricks’ prior 1993 will. I respectfully disagree.
While the majority finds that Mr. Hendricks’ statement in his 2006 will to revoke all of his prior wills and codicils “reflects a clear intent to revoke and should be honored” pursuant to LSA-C.C. art. 1607(2), the majority also holds that while the will is invalid as a testament, it is nevertheless a valid revocation of the previous will. In my opinion, this is contrary to the testator’s intent. Mr. Hendricks clearly did not desire to die intestate, but rather attempted to substitute his new testament for the old one, as opposed to executing a separate authentic act of revocation. To find the 2006 will null “ab initio”, which means “from the beginning,”[1] yet to enforce its revocation clause, defies common sense.
Further, the majority’s interpretation of LSA-C.C. art. 1573 essentially adds language, which is not part of the article, i.e., that the testament is absolutely null “as a testament.”
In Succession of Guezuraga, 512 So.2d 366 (La.1987), based on LSA-R.S. 9:2442, the predecessor of LSA-C.C. art. 1577, which set forth the requirements of form for a statutory will, the supreme court stated that a “plausible conclusion, and one in keeping with the principles of liberality” given to the interpretation of statutory wills, is that the legislature intended to use the terms “will” and “instrument” interchangeably. Guezuraga, 512 So.2d at 367-68. In this matter, LSA-C.C. art. 1577, setting forth the formalities for a notarial testament, requires the testator to declare to the notary and witnesses that the “instrument” is his “testament” and to sign his name at the end of the “testament” and on each other separate page. By analogy, the word “testament” as it is presently used in Article 1573, can easily be read as “instrument.” With this in mind, LSA-C.C. art. 1573, which states “the testament is absolutely null,” could be read as “the instrument is absolutely null.”
Regardless, because the 2006 testament was found to be null and void ab initio, I *1066 cannot agree with the majority that it can nevertheless be an authentic act revoking Mr. Hendrick’s 1993 will and leaving him intestate. Accordingly, I respectfully dissent.

. Bryan A. Garner, Black's Law Dictionary, (7th ed. 1999).