HIGGINBOTHAM, J.
dissenting.
| Recently, in In re Succession of Holbrook, 2013-1181 (La.1/28/14), 144 So.3d 845, 851, the supreme court held that an attestation clause need only substantially comply with La. Giv. Code art. 1577 and that courts need not strictly adhere to the formal requirements of the statutory will to the extent of elevating form over function. Additionally, in Succession of Guezuraga, 512 So.2d 366 (La.1987), the supreme court noted where a departure from form has. nothing whatsoever to do with fraud, ordinary common sense dictates that such departure should not produce nullity. Succession of Guezuraga, 512 So.2d at 367-68.
In this case, no fraud was indicated or pled, and it was clearly the intent of Mr. Toney that his entire estate be left to Mr. Gerding.[1] In Mr. Toney’s will, Mr. Toney swore “to undersigned authority” (the notary) that the instrument was his testament, and the three witnesses swore “to undersigned authority” that the testator signed the instrument as his testament in their presence and in the presence of each other. Finally, the notary signed an attestation clause stating that the will was subscribed, sworn and acknowledged by Mr. Toney and by the three witnesses. In my opinion, in light of the holding in In re Succession of Holbrook, the ^attestation clause signed by the notary in Mr. Toney’s will substantially, complies with the requirements of Article 1577. For these reasons, I would reverse the judgment of the trial court and affirm the validity of Mr. Toney’s will.

. Prior to his wife’s death in a previous will, Mr. Toney provided that should his wife predecease him, he left his. entire estate to Mr. Gerding.